Lawrence Mudgett III, Esq., State Bar No. 252898
SAFER LAW
3245 University Ave #1265
San Diego, CA 92104
Telephone: (619) 794-0460
Facsimile: (619) 794-0470

Attorneys for Movant
3139 Mount Whitney Rd. Trust Dated 06/14/2021,
U.S. Financial L.P., as Trustee

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>DEBRA LYNN TONER<br><br>Debtor.<br><br>3139 MOUNT WHITNEY RD. TRUST DATED 06/14/2021, U.S. FINANCIAL L.P., AS TRUSTEE<br><br>Moving Party.<br><br>DEBRA LYNN TONER; TRUSTEE THOMAS H. BILLINGSLEA<br><br>Respondents. | Case No.: 21-04335-LA13<br><br>RS No.: LM3-1<br><br>**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR *IN REM* RELIEF FROM STAY**<br><br>*11 USC § 362(c)(4), 11 USC § 362(d)(4)*<br><br>The Honorable Louise DeCarl Adler |

**I.**

**INTRODUCTION**

3139 MOUNT WHITNEY RD. TRUST DATED 06/14/2021, U.S. FINANCIAL L.P., AS TRUSTEE ("Movant") respectfully requests an order that no stay applies pursuant to **11 USC § 362(c)(4)**, as well as "in rem" relief pursuant to **11 USC § 362(d)(4)** against DEBTOR DEBRA LYNN TONER ("Debtor") in order to continue the state court unlawful detainer proceeding for possession of the real property located at 3139 Mt. Whitney Road, Escondido, CA 92029 ("Property").

Memorandum of Points and Authorities

No stay applies in this Bankruptcy as more than 30 days have elapsed since Debtor's second bankruptcy filing in 1 year and "in rem" relief is warranted in this case as this is Debtor's eighth bankruptcy and ownership was transferred as part of a scheme to delay, hinder, or defraud Movant.

## II.

## STATEMENT OF FACTS

A. <u>DEED OF TRUST AND ASSIGNMENTS</u>

On April 13, 2007 Debtor and non debtor KEVIN P. CAREY executed a Deed of Trust for the Property in the amount of $637,500 with National City Bank. Attached to the Declaration of MOVANT as **Exhibit 1** is a true and correct copy of the Recorded Deed of Trust.

On August 2, 2007 National City Bank assigned all beneficial interest under the aforementioned Deed of Trust to its subsidiary National City Mortgage Co. Attached to the Declaration of Movant as **Exhibit 2** is a true and correct copy of the Recorded Assignment of Deed of Trust.

On August 2, 2007 National City Mortgage Co. assigned all beneficial interest under the aforementioned Deed of Trust to the Mortgage Electronic Registration Systems, Inc. Attached to the Declaration of Movant as **Exhibit 3** is a true and correct copy of the Recorded Assignment of Deed of Trust.

On August 8, 2019 Mortgage Electronic Registration Systems Inc assigned all beneficial interest under the aforementioned Deed of Trust to The Bank of New York Mellon, as Indenture Trustee on Behalf of the Holders of the CSMC Trust 2010-16 Mortgage-Backed Notes and Certificates, Series 2010-16 ("New York Mellon"). Attached to the Declaration of Movant as **Exhibit 4** is a true and correct copy of the Recorded Assignment of Deed of Trust.

B. <u>SUBSTITUTION OF TRUSTEE, NOTICE OF DEFAULT, AND TRUSTEE'S SALE</u>

On December 12, 2019 New York Mellon designated National Default Servicing Corporation as Successor Trustee under the aforementioned Deed of Trust. Attached to the Declaration of Movant as **Exhibit 5** is a true and correct copy of the Substitution of Trustee.

On December 12, 2019 National Default Servicing Corporation recorded and served a Notice of Default and Election to Sell Under Deed of Trust in the amount of $39,599.12. Attached to the Declaration of Movant as **Exhibit 6** is a true and correct copy of the Notice of Default.

On February 3, 2021 National Default Servicing Corporation recorded and served a Notice of Trustee's Sale in the amount of $784,300.36. Attached to the Declaration of Movant as **Exhibit 7** is a true and correct copy of the Notice of Trustee Sale.

On August 3, 2021 National Default Servicing Corporation recorded the Trustee's Deed Upon Sale to Movant in the amount of $750,000.01. Attached to the Declaration of Movant as **Exhibit 8** is a true and correct copy of the Trustee's Deed Upon Sale.

C. <u>DEBTOR'S PRIOR BANKRUPTCY FILINGS</u>

Throughout this 14-year process, Debtor strategically filed a total of six Chapter 13 bankruptcies and one Chapter 7 bankruptcy, based on information and belief, for the sole purpose of delaying the foreclosure of the Property and her eviction therefrom. See Case Docket – Notice of Debtor's Prior Filings dated November 10, 2021. Debtor previously filed her eighth Chapter 7 bankruptcy and received a discharge on December 15, 1997.

D. <u>TITLE TRANSFER TO A REPEAT BANKRUPTCY FILER WITHOUT CONSENT</u>

Debtor not only filed multiple bankruptcies but also Debtor's co-owner, Kevin P Carey, granted his interest in the Property – without lender's consent – to Richard Lee Stanley on April 19, 2021. Attached to the Declaration of Movant as **Exhibit 9** is a true and correct copy of the Grant Deed. The same Richard Lee Stanley who Debtor recorded a lease agreement for the Property with on April 17, 2021. Attached to the Declaration of Movant as **Exhibit 10** is a true and correct copy of the Memorandum of Lease. Mr. Stanley is no stranger to this Court having filed five prior bankruptcies. Attached to the Declaration of Movant as **Exhibit 11** is a true and correct copy of Mr. Stanley's prior Bankruptcy filings.

E. <u>LIS PENDENS QUASHED AND REMAND FROM FEDERAL COURT</u>

With the assistance of counsel on March 8, 2021, Debtor recorded a sanctionable Lis Pendens following the filing of a wrongful foreclosure action against The Bank of New York Mellon. Attached to the Declaration of Movant as **Exhibit 12** is a true and correct copy of the recorded Lis

Pendens. On October 22, 2021 Debtor withdrew her lis pendens in response to the motion to quash. Attached to the Declaration of Movant as **Exhibit 13** is a true and correct copy of the Civil Register of Actions #48.

Movant's unlawful detainer complaint for possession of the Property was filed September 1, 2021 and Debtor removed the eviction to Federal Court which remanded the action back to state court on November 22, 2021. Attached to the Declaration of Movant as **Exhibit 14** is a true and correct copy of the Unlawful Detainer Complaint. Attached to the Declaration of Movant as **Exhibit 15** is a true and correct copy of the Order on Remand.

With the assistance of shadow counsel, Debtor has littered the Unlawful Detainer docket with delay motions for 3 months until filing this, her eighth bankruptcy, to stay the eviction yet again. Attached to the Declaration of Movant as **Exhibit 16** is a true and correct copy of the Unlawful Detainer Register of Actions. Attached to the Declaration of Movant as **Exhibit 17** is a true and correct copy of the Notice of Stay of Proceedings.

## III.

## LAW & ARGUMENT

A. <u>NO AUTOMATIC STAY IS IN EFFECT</u>

Movant respectfully requests an order that no stay applies as this is Debtor's second bankruptcy filing within one year and no motion to extend the stay has been filed. **11 USC 362(c)(4).** See Case #21-00933 (filed 3/11/2021, Dismissed 04/09/2021) and #21-04335-LA13 (filed 11/09/21).

B. <u>IN REM RELIEF – THE PETITION WAS PART OF A SCHEME TO DELAY, HINDER, OR DEFRAUD CREDITORS</u>

**11 USC 362(d)(4)(A)&(B)**,

> **(4)(A)(B)** …(4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—
> (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or (B) multiple bankruptcy filings affecting such real property.

4

Section 362(d)(4) was amended by the Bankruptcy Technical Corrections Act of 2010, Pub.L. No. 111-327, 124 Stat. 3557 (2010) and became effective on December 22, 2010. The conjunctive "and" in paragraph (4) was eliminated and replaced with the disjunctive "or." Therefore, after December 22, 2010, a party seeking relief from stay under § 362(d)(4) must show only a scheme by debtor to delay, hinder *or* defraud. *Goldenberg v. Deutsche Bank National Trust Co. (In re Papazov),* 2013 WL 2367802, *8 n.14 (9th Cir. BAP May 30, 2013); *see also First Yorkshire Holdings, Inc. v. Pacifica L 22, LLC (In re First Yorkshire Holdings, Inc.),* 470 B.R. 864, 870 n.5 (9th Cir. BAP 2012).

Several cases have addressed this Code provision, including *In re Hymes,* 2013 WL 653060 (Bankr. D. Alaska Feb. 20, 2013), *In re Tejal Investment, LLC,* 2012 WL 6186159 (Bankr. D. Utah Dec. 12, 2012), and *In re Briggs,* 2012 WL 3780542 (Bankr. N.D.Ill. Aug. 31, 2012). Some cases note that "scheme" is not a term defined by the Code but is defined in dictionaries as "an artful plot or plan" or an "intentionally artful plot or plan, " or simply "a plan or program of action, " though some say "a plan or program of action, especially a secret or crafty one."

Attempting to resolve the question solely through dictionary definitions is not ultimately workable. As stated in *Briggs* : "[A] determination of whether or not a scheme exists will almost always have to be one of extrapolation. No debtor is expected to admit to having conducted a scheme. Rather, the court must attempt to deduce a scheme from the facts." *Id.* at *5. And recall, it must be a scheme designed to "hinder" or "delay" creditors. As noted in *Tejal Investment,* "delay" simply means "to postpone to a later time" and "hinder" means "to get in the way of" or "to impede or delay the progress of." *Id.* 2012 WL 6186159 at *5 n.12.

Under the case law, numerous factors may be relevant to a determination of an intent to "hinder or delay." They include [1] the number of bankruptcy filings; [2] their frequency; [3] the time lapsed between filings; [4] whether the filings were dismissed, and [5] for what reasons; [6]

whether the evidence suggests the debtor had a legitimate belief that it could reorganize in such cases; [7] the strategic timing of the cases, especially in relation to creditor collection efforts such as foreclosure; [8] any changes in circumstances between the various cases; and [9] others. *Hymes* noted that the timing and circumstances of the several cases may "constitute strong evidence of an intent to delay and hinder secured creditors from collection." 2013 WL 653060 at *5. *Tejal Investment* similarly looked to the timing of the filings, noting that the first petition was filed the day before the creditor's action in state court to appoint a receiver was to be heard and the second petition was days before a scheduled foreclosure sale, and "[t]ogether, these petitions evince a plan by the Debtors to delay or hinder the Bank's efforts to move forward with remedies provided by state law." 2012 WL 6186159 at *6.

The scheme in this case is readily apparent, Debtor has filed multiple bankruptcies, federal removals, frivolous motions in the Unlawful Detainer case, and a frivolous lawsuit against Movant to first prevent the Trustee Sale and now Movant from acquiring possession of the Property.

The factors as applied in this case:

1. Debtor has filed 8 total bankruptcies. Debtor's co-tenant deeded his interest in the Property to Richard Stanley who has 5 prior bankruptcies and without Movant's permission. The Court need not wait for Mr. Stanley to begin filing bankruptcies on the Property to frustrate Movant as an "in rem" relief from stay order will prevent a combined 14th bankruptcy.

2. 2 Bankruptcies were filed in the last year. All of the Chapter 13 Bankruptcies followed Chapter 7 bankruptcies where discharges were obtained. The timing of the 6 Chapter 13 bankruptcies between 2014-2021 were either at critical points in the foreclosure process or now the eviction.

3. Debtor has filed 2 Chapter 13 bankruptcies this year and 2 others within the two year period beforehand. The frequency of the filings has increased with pressure from the foreclosure and eviction.

6

4. But for the 2 Chapter 7 Bankruptcies, all 5 of Debtor's prior Chapter 13 Bankruptcies were dismissed and this case may also be on the dismissal track as Debtor has never had a plan confirmed..

5. All 5 of Debtor's prior Chapter 13 bankruptcies were dismissed by the Debtor voluntarily or by the Trustee for failing to appear for the 341(a) hearing.

6. Debtor does not have a legitimate belief that she can reorganize in this case. Ostensibly, Debtor would have retained counsel and submitted a confirmable plain in any of her 5 prior filings if she had the means to do so.

7. All prior filings were strategically timed during the foreclosure or eviction process. Debtor stalled the foreclosure auction two full years between 2019 and 2021.

8. According to Debtor's schedules none of her financial circumstances have changed in the prior six months.

9. Debtor routinely seeks motions to extend time to file statements and schedules in order to buy additional time in bankruptcy across all of her Chapter 13 filings. Debtor's state court conduct is similarly litigious and based on information and belief, intended to cause delay.

    Movant respectfully requests that relief from stay be granted "in rem" under the circumstances.

Respectfully submitted,

Dated: December 17, 2021

/s/Lawrence A. Mudgett III
Lawrence A. Mudgett III, Atty for Movant

7