1  Lawrence Mudgett III, Esq., State Bar No. 252898
   SAFER LAW
2  3245 University Ave #1265
   San Diego, CA 92104
3  Telephone:  (619) 794-0460
   Facsimile:  (619) 794-0470

4  Attorneys for Movant
5  3139 Mount Whitney Rd. Trust Dated 06/14/2021,
   U.S. Financial L.P., as Trustee

6

7

8                UNITED STATES BANKRUPTCY COURT

9               SOUTHERN DISTRICT OF CALIFORNIA

10

11 In re:                          )  Case No.: 21-04335-LA13
                                   )
12 DEBRA LYNN TONER                )  RS No.: LM3-1
                                   )
13 _____Debtor._____ )  **DECLARATION IN SUPPORT OF**
                                   )  **MOTION FOR *IN REM* RELIEF FROM**
14 3139 MOUNT WHITNEY RD. TRUST DATED )  **STAY**
   06/14/2021, U.S. FINANCIAL L.P., AS )
15 TRUSTEE                         )
                                   )  *11 USC § 362(c)(4), 11 USC § 362(d)(4)*
16        Moving Party.            )
                                   )
17 _____ )
   DEBRA LYNN TONER; TRUSTEE THOMAS )  The Honorable Louise DeCarl Adler
18 H. BILLINGSLEA                  )
                                   )
19        Respondents.             )
                                   )
20 _____ )

21

22     I, Don Rady, hereby declare as follows under the penalty of perjury for the laws of the United

23 States:

24 1) That I have personal knowledge of the facts stated in this declaration and if called as a witness

25    to testify, could competently do so in a substantially similar manner under oath.

26 2) That I am the person most knowledgeable on behalf of Movant.

27 3) That the records produced are kept in the ordinary course and scope of Movant's business.

28

                                   Declaration

4) That 3139 Mount Whitney Rd. Trust Dated 06/14/2021, U.S. Financial L.P. as Trustee is a secured creditor for the subject property located at 3139 Mount Whitney Road, Escondido, CA 92029 ("Property")

5) Attached to the Declaration of MOVANT as **Exhibit 1** is a true and correct copy of the Recorded Deed of Trust.

6) Attached to the Declaration of Movant as **Exhibit 2** is a true and correct copy of the Recorded Assignment of Deed of Trust.

7) Attached to the Declaration of Movant as **Exhibit 3** is a true and correct copy of the Recorded Assignment of Deed of Trust.

8) Attached to the Declaration of Movant as **Exhibit 4** is a true and correct copy of the Recorded Assignment of Deed of Trust.

9) Attached to the Declaration of Movant as **Exhibit 5** is a true and correct copy of the Substitution of Trustee.

10) Attached to the Declaration of Movant as **Exhibit 6** is a true and correct copy of the Notice of Default.

11) Attached to the Declaration of Movant as **Exhibit 7** is a true and correct copy of the Notice of Trustee Sale.

12) Attached to the Declaration of Movant as **Exhibit 8** is a true and correct copy of the Trustee's Deed Upon Sale.

13) Attached to the Declaration of Movant as **Exhibit 9** is a true and correct copy of the Grant Deed.

14) Attached to the Declaration of Movant as **Exhibit 10** is a true and correct copy of the Memorandum of Lease.

15) Attached to the Declaration of Movant as **Exhibit 11** is a true and correct copy of Mr. Stanley's prior Bankruptcy filings.

16) Attached to the Declaration of Movant as **Exhibit 12** is a true and correct copy of the recorded Lis Pendens.

2

17) Attached to the Declaration of Movant as **Exhibit 13** is a true and correct copy of the Civil Register of Actions #48.

18) Attached to the Declaration of Movant as **Exhibit 14** is a true and correct copy of the Unlawful Detainer Complaint.

19) Attached to the Declaration of Movant as **Exhibit 15** is a true and correct copy of the Order on Remand.

20) Attached to the Declaration of Movant as **Exhibit 16** is a true and correct copy of the Unlawful Detainer Register of Actions.

21) Attached to the Declaration of Movant as **Exhibit 17** is a true and correct copy of the Notice of Stay of Proceedings.

22) Movant respectfully requests: 1) an order that no stay applies, 2) "in rem" relief from stay, and 3) waiver of the 14 day stay of enforcement.

Dated: December 17, 2021

/s/Don Rady

_____

Don Rady on behalf of Movant

# EXHIBIT 1

RECORDED AT THE REQUEST OF
CHICAGO TITLE CO.

**1567**

Recording Requested By:
FINA GELSOMINO

Return To:

National City Bank
P.O. Box 8800
Dayton, OH 45401-8800

Prepared By:
FINA GELSOMINO

National City Bank
P.O. Box 8800
Dayton, OH 45401-8800

DOC #   2007-0268965

APR 20, 2007   8:00 AM
OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
GREGORY J. SMITH, COUNTY RECORDER
FEES:        69.00
PAGES:        21        DA·      1

2007-0268965

0005416815

6080055503-a
232300-04

[Space Above This Line For Recording Data]

# DEED OF TRUST

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated   **April 13, 2007**
together with all Riders to this document.
(B) "Borrower" is

**KEVIN P. CAREY A Single Man and DEBRA TONER,** a Single Woman

Borrower's address is   **3139 MOUNT WHITNEY ROAD ESCONDIDO, California 92029**
. Borrower is the trustor under this Security Instrument.

(C) "Lender" is **National City Mortgage a division of**
**National City Bank**
Lender is a   **National Banking Association**
organized and existing under the laws of   **United States**

**CALIFORNIA**-Single Family-**Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**        Form 3005 1/01

-6(CA) (0207)
Page 1 of 15        Initials

VMP MORTGAGE FORMS - (800)521-7291

**1568**

Lender's address is
3232 NEWMARK DRIVE, MIAMISBURG, OH  45342

Lender is the beneficiary under this Security Instrument.
(D) "Trustee" is    NATIONAL CITY BANK

(E) "Note" means the promissory note signed by Borrower and dated  April 13, 2007
The Note states that Borrower owes Lender
SIX HUNDRED THIRTY SEVEN THOUSAND FIVE HUNDRED & 00/100                    Dollars
(U.S. $      637,500.00 ) plus interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than    May 1, 2037
(F) "Property" means the property that is described below under the heading "Transfer of Rights in the
Property."
(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges
due under the Note, and all sums due under this Security Instrument, plus interest.
(H) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following
Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| [X] Adjustable Rate Rider | [ ] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [ ] Planned Unit Development Rider | [ ] 1-4 Family Rider |
| [ ] VA Rider | [ ] Biweekly Payment Rider | [ ] Other(s) [specify] |

(I) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations,
ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final,
non-appealable judicial opinions.
(J) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other
charges that are imposed on Borrower or the Property by a condominium association, homeowners
association or similar organization.
(K) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check,
draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument,
computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an
account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine
transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(L) "Escrow Items" means those items that are described in Section 3.
(M) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by
any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i)
damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property;
(iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or
condition of the Property.
(N) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the
Loan.
(O) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the
Note, plus (ii) any amounts under Section 3 of this Security Instrument.
(P) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its
implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time,
or any additional or successor legislation or regulation that governs the same subject matter. As used in this
Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard

**1569**

to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q) "**Successor in Interest of Borrower**" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County                          of                          San Diego

[Type of Recording Jurisdiction]                          [Name of Recording Jurisdiction]

SEE ATTACHED LEGAL DESCRIPTION

Parcel ID Number:    232-500-04                                        which currently has the address of
            3139 MOUNT WHITNEY ROAD,                                                         [Street]
            ESCONDIDO                                  [City], California    92029    [Zip Code]
("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S.

-6(CA) (0207)                          Page 3 of 15                          Initials: _____                          Form 3005  1/01

**1570**

currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all

**1571**

Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4. **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10

**1572**

days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to

**1573**

the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

**6. Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

**7. Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable

-6(CA) (0207)                                    Page 7 of 15                    Initials:                    Form 3005  1/01

**1574**

attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage

**1575**

Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

**11. Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or

**1576**

any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall

-6(CA) (0207)                                    Page 10 of 15                    Initials: _____                    Form 3005  1/01

**1577**

not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a

**1578**

notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

**1579**

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. **Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable.

24. **Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

25. **Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

1580

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider executed by Borrower and recorded with it.

Witnesses:

_____    _____ (Seal)
                                    KEVIN P. CAREY                  -Borrower

_____    _____ (Seal)
                                    DEBRA TONER                     -Borrower

_____ (Seal)    _____ (Seal)
                -Borrower                                           -Borrower

_____ (Seal)    _____ (Seal)
                -Borrower                                           -Borrower

_____ (Seal)    _____ (Seal)
                -Borrower                                           -Borrower

1581

State of California
County of San Diego
} ss.

On April 13, 2007 before me, R. Metcalf, Notary Public
personally appeared

Kevin P. Corey and Debra Toner

, personally known to me

(or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

R. METCALF
Commission # 1669077
Notary Public - California
San Diego County
My Comm. Expires May 22, 2010

R. Metcalf _____ (Seal)

-6(CA) (0207)                    Page 15 of 15        Initials: ___        Form 3005  1/01

# EXHIBIT "A"

**1582**

DESCRIPTION

PARCEL 1:

THAT PORTION OF THE SOUTH HALF OF LOT 4, IN SECTION 19, TOWNSHIP 12 SOUTH, RANGE 2 WEST, SAN BERNARDINO MERIDIAN, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF, DESCRIBED AS FOLLOWS:

COMMENCING AT THE NORTHWEST CORNER OF THE SOUTH HALF OF SAID LOT 4; THENCE ALONG THE NORTHERLY LINE OF SAID SOUTH HALF OF LOT 4, NORTH 89° 51' 29" EAST, 684.24 FEET TO THE TRUE POINT OF BEGINNING; THENCE CONTINUING ALONG SAID NORTHERLY LINE, NORTH 89° 51' 29" EAST, 228.06 FEET TO THE WESTERLY LINE OF THE EASTERLY 421.00 FEET OF SAID LOT 4; THENCE SOUTHERLY ALONG SAID CURVE WESTERLY LINE TO THE SOUTHERLY LINE OF THE NORTHERLY 500.00 FEET OF SAID SOUTH HALF OF LOT 4; THENCE ALONG SAID SOUTHERLY LINE SOUTH 89° 51' 29" WEST TO A POINT DISTANT THEREON NORTH 89° 51' 29" EAST, 681.39 FEET FROM THE WESTERLY LINE OF SAID LOT 4; THENCE NORTHERLY ALONG A STRAIGHT LINE TO THE TRUE POINT OF BEGINNING.

PARCEL 2:

AN EASEMENT AND RIGHT OF WAY FOR ROAD AND PUBLIC UTILITY PURPOSES OVER AND ACROSS THE NORTHERLY 30.00 FEET OF THE SOUTH HALF OF LOT 4 IN SECTION 19, TOWNSHIP 12 SOUTH, RANGE 2 WEST, SAN BERNARDINO MERIDIAN, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF.

EXCEPTING THEREFROM THE EASTERLY 421.00 FEET.

ALSO EXCEPTING THEREFROM THAT PORTION LYING WITHIN IN PARCEL 1 ABOVE DESCRIBED.

PARCEL 3:

AN EASEMENT AND RIGHT OF WAY FOR INGRESS, EGRESS FOR ROADWAY AND PUBLIC UTILITIES PURPOSES OVER THE NORTHERLY 20.00 FEET OF THE SOUTH HALF OF LOT 3, IN SECTION 19, TOWNSHIP 12 SOUTH, RANGE 2 WEST, SAN BERNARDINO MERIDIAN, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF.

PARCEL 4:

AN EASEMENT AND RIGHT OF WAY FOR ROAD AND PUBLIC UTILITY PURPOSES OVER AND ACROSS A STRIP OF LAND 30.00 FEET IN WIDTH LYING WITHIN LOTS 3 AND 4 IN SECTION 19, TOWNSHIP 12 SOUTH, RANGE 2 WEST, SAN BERNARDINO MERIDIAN, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF, THE SOUTHERLY BOUNDARY OF SAID STRIP BEING DESCRIBED AS FOLLOWS:

COMMENCING AT ENGINEER'S STATION 31 + 16.33 ON THE CENTER LINE OF COUNTY ROAD SURVEY NO. 1202, ACCORDING TO PLAT THEREOF ON FILE IN THE OFFICE OF THE COUNTY ENGINEER OF SAN DIEGO COUNTY; THENCE ALONG THE PROLONGATION OF SAID CENTER LINE NORTH 39° 44' 52" WEST, 100.00 FEET THENCE SOUTH 02° 21' 54" WEST 300.00 FEET; THENCE NORTH 89° 53' 06" WEST 1200.00 FEET TO THE TRUE POINT OF BEGINNING; THENCE SOUTH 59° 06' 54" WEST, 120.00 FEET, THENCE SOUTH 79° 06' 54" WEST 100.00 FEET, THENCE SOUTH 62° 06' 54" WEST 88.00 FEET, THENCE NORTH 76° 53' 06" WEST, 110.00 FEET, THENCE NORTH 52° 53' 06" WEST, 137.00 FEET; THENCE NORTH 24° 53' 06" WEST, 9.87 FEET TO THE NORTHERLY LINE OF SOUTH HALF OF SAID LOT 4; THENCE ALONG SAID NORTHERLY LINE SOUTH 89° 51' 29" WEST TO THE WESTERLY LINE OF SAID LOT 4. SAID

# EXHIBIT "A"
## DESCRIPTION

**1583**

Page    2
Order No. 608005503

EASEMENT TO TERMINATE NORTHEASTERLY IN THE SOUTHERLY LINE OF THE NORTHERLY 30.00 FEET OF THE SOUTH HALF OF SAID LOT 3 AND TO TERMINATE WESTERLY IN THE WESTERLY LINE OF SAID LOT 4.

PARCEL 5:

AN EASEMENT AND RIGHT OF WAY FOR ROAD AND PUBLIC UTILITY PURPOSES OVER AND ACROSS THAT PORTION OF THE SOUTHERLY 10.00 FEET OF THE NORTHERLY 30.00 FEET OF THE SOUTH HALF OF LOT 3 IN SECTION 19, TOWNSHIP 12 SOUTH,  RANGE 2 WEST, SAN BERNARDINO MERIDIAN, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF, LYING EASTERLY OF THE NORTHEASTERLY PROLONGATION OF THE NORTHWESTERLY LINE OF PARCEL 4 HEREINABOVE DESCRIBED.

PARCEL 6:

AN EASEMENT FOR INGRESS AND EGRESS OVER THE EXISTING CONCRETE DRIVEWAY AND PURPOSES INCIDENTAL THERETO ALONG THE EASTERLY BOUNDARY LINE OF THE FOLLOWING DESCRIBED LAND:

ALL THAT PORTION OF THE SOUTHERLY HALF OF LOT 4 IN SECTION 19, TOWNSHIP 12 SOUTH, RANGE 2 WEST, SAN BERNARDINO MERIDIAN, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO THE UNITED STATES GOVERNMENT SURVEY APPROVED DECEMBER 14, 1885, BEING DESCRIBED AS FOLLOWS:

COMMENCING AT THE NORTHWEST CORNER OF THE SOUTHERLY HALF OF LOT 4 IN SAID SECTION 19, THENCE ALONG THE NORTHERLY LINE OF SAID SOUTHERLY HALF; NORTH 89° 51' 29" EAST, 456.16 FEET TO THE TRUE POINT OF BEGINNING; THENCE CONTINUING ALONG SAID NORTHERLY LINE, NORTH 89° 51' 29" EAST 228.00 FEET, THENCE SOUTHERLY IN A STRAIGHT LINE A DISTANCE OF 500.00 FEET TO A POINT ON THE SOUTHERLY HALF OF LOT 4, DISTANT THEREON NORTH 89° 51' 29" EAST 681.39 FEET FROM THE SOUTHWEST CORNER OF SAID NORTHERLY 500.00 FEET; THENCE ALONG SAID SOUTHERLY LINE SOUTH 89° 51' 29" WEST, 227.13 FEET; THENCE NORTHERLY IN A STRAIGHT LINE, A DISTANCE OF 500.00 FEET TO THE TRUE POINT OF BEGINNING.

0005416815

# 1584

## ADJUSTABLE RATE RIDER

(Index: One-Year London Interbank Offered Rate ("LIBOR") As Published in *The Wall St. Journal* – Rate Caps)
(Assumable after Initial Period) (45 Day Lookback)

This Adjustable Rate Rider is made this  13th                         day of  April 2007         , and is
incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed
(the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's
Adjustable Rate Note as amended and supplemented by the Interest Only Payment Period Note Addendum  to
Adjustable Rate Note (collectively the "Note") to
     National City Mortgage
     a division of National City Bank
(the "Lender") of the same date and covering the property described in the Security Instrument and located at:

          3139 MOUNT WHITNEY ROAD , ESCONDIDO , California 92029
                              [Property Address]

**THE NOTE PROVIDES FOR A PERIOD OF MONTHLY PAYMENTS OF INTEREST
ONLY FOLLOWED BY MONTHLY PAYMENTS OF BOTH PRINCIPAL AND
INTEREST. THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN
THE INITIAL INTEREST RATE AND MONTHLY PAYMENT DURING AND AFTER
THE INTEREST ONLY PAYMENT PERIOD. THE NOTE ALSO LIMITS THE
AMOUNT THE BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE
TIME AND THE MAXIMUM RATE THE BORROWER MUST PAY.**

          **ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

## A.    INTEREST RATE AND MONTHLY PAYMENT CHANGES
The Note provides for an initial interest rate of   6.000   %. The First Principal and Interest Due Date is the
first monthly payment date after  ONE HUNDRED TWENTIETH                               monthly payment
is due. The Note provides for changes in the interest rate and the monthly payments as follows:

## 4.    INTEREST RATE AND MONTHLY PAYMENT CHANGES
     (A)    Change Dates
The interest rate I will pay may change on the first day of  May 2012                        , and may
change on that day every  twelfth (12th) month thereafter. Each date on which my interest rate could change is
called a "Change Date."

     (B)    The Index
Beginning with the first Change Date, my interest rate will be based on an Index.
The "Index" is the One-year Interbank Offered Rate ("LIBOR") which is the average of interbank offered rates
for one-year U.S. dollar-denominated deposits in the London market, as published in *The Wall Street Journal*.
The most recent Index figure available as of the date 45 days before each Change Date is called the "Current
Index."

          If the Index is no longer available, the Note Holder will choose a new index based upon comparable
information. The Note Holder will give me notice of this choice.

ADRIYI                                Page 1 of 4                  One-year LIBOR Interest Only Rider - Multistate
                                                                    120 Interest Only Payments
                                                                  Assumable After Initial Period

**1585**

(C)   **Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding TWO AND ONE-QUARTER          percentage points (      2.250      %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date. The Note Holder will then determine my new monthly payment as follows:

(i)      **Interest Only Payment Period.** For monthly payments due after the first Change Date up to but not including the First Principal and Interest Due Date, the Note Holder will determine the amount of the monthly payment that would be sufficient to pay the interest that accrues on the unpaid principal that I am expected to owe at the Change Date at my new interest rate determined above in this Section 4(C). The result of this calculation will be the new amount of my Interest Only Payment until the next Change Date unless I make a partial Prepayment as provided in Section 5 of the Note.

(ii)      **Principal and Interest Payments Due Beginning With the First Principal and Interest Due Date.** For monthly payments due on or after the First Principal and Interest Due Date, the Note Holder will determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate determined above in this Section 4(C) in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

(D)   **Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than 11.000          % or less than   2.250      %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than   TWO            percentage points (   2.000          %) from the rate of interest I have been paying for the preceding twelve months. My interest rate will never be greater than   11.000          %.

(E)   **Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first payment date after the Change Date until the amount of my monthly payment changes again.

(F)   **Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given and also the title and telephone number of a person who will answer any question I may have regarding the notice.

1586

**B.    TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**

1.    **UNTIL BORROWER'S INITIAL INTEREST RATE CHANGES UNDER THE TERMS STATED IN SECTION A ABOVE, UNIFORM COVENANT 18 OF THE SECURITY INSTRUMENT SHALL BE IN EFFECT AS FOLLOWS:**

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

2.    **AFTER BORROWER'S INITIAL INTEREST RATE CHANGES UNDER THE TERMS STATED IN SECTION A ABOVE, UNIFORM COVENANT 18 OF THE SECURITY INSTRUMENT DESCRIBED IN SECTION B1 ABOVE SHALL THEN CEASE TO BE IN EFFECT, AND THE PROVISIONS OF UNIFORM COVENANT 18 OF THE SECURITY INSTRUMENT SHALL BE AMENDED TO READ AS FOLLOWS:**

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

One-year LIBOR Interest Only Rider - Multistate
120 Interest Only Payments
Assumable After Initial Period

**1587**

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

_____ (Seal)
KEVIN P. CAREY                    Borrower

_____ (Seal)
DEBRA TONER                    Borrower

_____ (Seal)
                    Borrower

_____ (Seal)
                    Borrower

_____ (Seal)
                    Borrower

_____ (Seal)
                    Borrower

_____ (Seal)
                    Borrower

_____ (Seal)
                    Borrower

One-year LIBOR Interest Only Rider - Multistate
120 Interest Only Payments
Assumable After Initial Period

This is a true certified copy of the record if it bears the seal, imprinted in purple ink

ERNEST J. DRONENBURG, JR.
Assessor/Recorder/Clerk
San Diego County, California

SEP 0 9 2021

Deputy

H. DeLaVega

EXHIBIT 2

DOC # 2007-0518098

AUG 02, 2007        3:01 PM
OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
GREGORY J. SMITH, COUNTY RECORDER
FEES:        12.00
PAGES:        2        DA:        1

2007-0518098

Recording Requested by &
When Recorded Return To:
US Recordings, Inc.
2925 Country Drive Ste 201
St. Paul, MN 55117

7716

NCM#: 5410815        00013

SPACE ABOVE THIS LINE FOR RECORDER'S USE

PLEASE RECORD 1ST

CAREY, KEVIN P.

Recording District: San Diego

## ASSIGNMENT OF Deed of Trust

For value received, the undersigned, hereby grants, assigns and transfers to: National City Mortgage Co., a subsidiary of National City Bank located at 3232 NEWMARK DR, Miamisburg, OH 45342. All beneficial interest under that certain Deed of Trust dated 4/13/2007 executed by:

**Trustor(s)    KEVIN P. CAREY        DEBRA TONER**

to Trustee for NATIONAL CITY MORTGAGE, A DIVISION OF NATIONAL CITY BANK    recorded
as    Instrument No.:    in Book/Volume:    Page:    of the Official Records of San Diego County,
California describing the land therein:
160 4 /20 /2007    Doc# 2007-0268965
Property Address:    3139 MOUNT WHITNEY ROAD, ESCONDIDO, CA 92029

Together with the Note or Notes therein described or referenced to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

**NATIONAL CITY MORTGAGE, A DIVISION OF NATIONAL CITY BANK**

Beth Stough, Supervisor

*State of OHIO        County of MONTGOMERY*

On 5/24/2007 before me, P. Sharon Derringer the undersigned, a Notary Public in and for the State of OHIO, personally appeared Beth Stough, Supervisor of NATIONAL CITY MORTGAGE, A DIVISION OF NATIONAL CITY BANK personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that for her signature on the instrument the person, or the entity upon behalf of which she acted, executed the instrument.

P. Sharon Derringer, Notary Public in and for the State of OHIO

My Commission Expires: 7/7/2008    My County of Residence: MONTGOMERY

**7717**

## GOVERNMENT CODE 27361.7

I certify under the penalty of perjury that the notary seal on the document to which this statement is attached reads as follows:

Name of Notary: _P. SHARON DERRINGER_____

Date Commission Expires: _07/07/2008_____

Notary Commission Number: _N/A_____

Manufacturer or Vendor Number: _N/A_____
(located on both sides of the notary seal border)

State of Commission: _OHIO_____

County of Commission: _MONTGOMERY_____

State of Notary Execution: _OHIO_____

County of Notary Execution: _MONTGOMERY_____

Date of Notary Execution: _5/24/7007_____

Date: _07/26/2007_____

Signature

GINNY N. CAIRL  (U.S. RECORDINGS, INC.)
(Firm name, if applicable)

U40448589-01GM02
ASGNT DOT
LOAN# 10946624
US Recordings

This is a true certified copy of the record if it bears the seal, imprinted in purple ink

ERNEST J. DRONENBURG, JR.
Assessor/Recorder/Clerk
San Diego County, California

SEP 0 9 2021

Deputy

H. DeLaVega

# EXHIBIT 3

DOC # 2007-0518099

AUG 02, 2007   3:01 PM
OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
GREGORY J. SMITH, COUNTY RECORDER
FEES:        12.00
PAGES:       2       DA:     1

Recording Requested by &
When Recorded Return To:
US Recordings, Inc.
2925 Country Drive Ste 201
St. Paul, MN 55117

7718

2007-0518099

40448480-02
NCM#: 0005416815   POOL#: 0001306984      1

SPACE ABOVE THIS LINE FOR RECORDER'S USE
PLEASE RECORD 2ND

℞ 10946824
CAREY, KEVIN
Recording District: San Diego

## Assignment Of Deed of Trust

For value received, the undersigned, hereby grants, assigns and transfers to:

Mortgage Electronic Registration Systems, Inc., its successors
and assigns, PO Box 2026 Flint, Michigan 48501-2026

All beneficial interest under that certain Deed of Trust dated 4/13/2007 executed by:

**Trustor(s)   KEVIN P CAREY** Debra Toner

to the Trustee for National City Mortgage, a division of National City Bank   recorded 4/20/2007 as
Instrument No.: 2007-0269165 in Book/Volume: _____ Page: _____ of the
Official Records of San Diego County, California describing the land therein:

Property Address:   3139 MOUNT WHITNEY RD, ESCONDIDO, CA   92029

Together with the Note or Notes therein described or referenced to, the money due and to become due thereon with
interest, and all rights accrued or to accrue under said Deed of Trust.

National City Mortgage Co.,
a subsidiary of National City Bank

P. Hamilton

P. HAMILTON
DELIVERY SHIPPER

*State of Ohio   County of Montgomery*

On 05/29/2007 before me, KATHLEEN LEWIS the undersigned, a Notary Public in and for the State of Ohio,
personally appeared  P. HAMILTON, DELIVERY SHIPPER of National City Mortgage Co.,a subsidiary of
National City Bank  personally known to me to be the person whose name is subscribed to the within instrument and
acknowledged to me that she executed the same in her authorized capacity, and that for her signature on the
instrument the person, or the entity upon behalf of which she acted, executed the instrument.

KATHLEEN LEWIS, Notary Public in and for the State of Ohio
My Commission Expires:  1/6/2009   My County of Residence:  Montgomery

mrn# 1002696 1010946624
MERS Phone: 1-888-679-6377

7719

## GOVERNMENT CODE 27361.7

I certify under the penalty of perjury that the notary seal on the document to which this statement is attached reads as follows:

Name of Notary: KATHLEEN LEWIS

Date Commission Expires: 01/06/2009

Notary Commission Number: N/A

Manufacturer or Vendor Number: N/A
(located on both sides of the notary seal border)

State of Commission: OHIO

County of Commission: MONTGOMERY

State of Notary Execution: OHIO

County of Notary Execution: MONTGOMERY

Date of Notary Execution: 5/29/2007

Date: 07/26/2007

Signature

GINNY N. CAIRL (U.S. RECORDINGS, INC.)
(Firm name, if applicable)

U40448480-01GM02
ASGMT DOT
LOAN# 10946624
US Recordings

This is a true certified copy of the record
if it bears the seal, imprinted in purple ink

ERNEST J. DRONENBURG, JR.   SEP 0 9 2021
Assessor/Recorder/Clerk
San Diego County, California

Deputy

H. DeLaVega

EXHIBIT 4

X
2P

**DOC#  2019-0333738**

Aug 08, 2019  02:38 PM
OFFICIAL RECORDS
Ernest J. Dronenburg, Jr.,
SAN DIEGO COUNTY RECORDER
FEES: $95.00  (SB2 Atkins: $75.00)

PAGES: 2

**Recording Requested By:**
Richmond Monroe Group

**When Recorded Mail To:**
Jeff Prose
Richmond Monroe Group
82 Jim Linegar Ln
Branson West, MO, 65737
(417) 447-2931

lll

## CORPORATE ASSIGNMENT OF DEED OF TRUST

TS Ref #: 0009220000012231
CA/SAN DIEGO
MERS #: 100269610109466243 / MERS Phone #: (888) 679-6377

Assignment Prepared on: July 08, 2019

For Value Received, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ("MERS") ITS SUCCESSORS AND ASSIGNS,** whose address is P.O. Box 2026, Flint, MI, 48501-2026 **(herein "Assignor")** hereby grant, assign, transfer and convey to **THE BANK OF NEW YORK MELLON, AS INDENTURE TRUSTEE, ON BEHALF OF THE HOLDERS OF THE CSMC TRUST 2010-16 MORTGAGE-BACKED NOTES AND CERTIFICATES, SERIES 2010-16,** whose address is C/O SELECT PORTFOLIO SERVICING, INC., 3217 S. DECKER LAKE DRIVE, SALT LAKE CITY, UT, 84119 **(herein "Assignee")** all interest under that certain Deed of Trust Dated: 4/13/2007, in the amount of $637,500.00, executed by KEVIN P. CAREY A SINGLE MAN AND DEBRA TONER, A SINGLE WOMAN to NATIONAL CITY MORTGAGE A DIVISION OF NATIONAL CITY BANK and Recorded: 4/20/2007, Document #: 2007-0268965, Page: 1567 in SAN DIEGO County, State of California and all rights accrued or to accrue under said Deed of Trust.

Property Address: 3139 MOUNT WHITNEY ROAD, ESCONDIDO, CA, 92029

Page: 2 of 2 / TS Ref #: 0009220000012231

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ("MERS")

On: 7.15.19

By:

Name: Collin B. Sims

Title: Assistant Secretary

State of UTAH
County of SALT LAKE

On JUL 1 5 2019 , before me, Lacee Blanchfield , a Notary Public in and for SALT LAKE in the State of UTAH, personally appeared Collin B. Sims , Assistant Secretary , MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ("MERS"), personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

Lacee Blanchfield

Notary Expires: DEC 2 0 2020 / #: 692617

CA/SAN DIEGO

LACEE BLANCHFIELD
Notary Public State of Utah
My Commission Expires on:
December 20, 2020
Comm. Number: 692617

This is a true certified copy of the record if it bears the seal, imprinted in purple ink

ERNEST J. DRONENBURG, JR.  SEP 0 9 2021
Assessor/Recorder/Clerk
San Diego County, California

Deputy

H. DeLaVega

# EXHIBIT 5

**DOC#  2019-0581507**

|||||||||||||||||||||||||||||||||||||||||||||

Dec 12, 2019  04:04 PM
OFFICIAL RECORDS
Ernest J. Dronenburg, Jr.,
SAN DIEGO COUNTY RECORDER
FEES: $92.00  (SB2 Atkins: $75.00)

PAGES: 1

Recording Requested By
ServiceLink

Recording requested by and
when recorded mail to:
National Default Servicing Corporation
7720 North 16th street suite 300, Phoenix,
AZ 85020
APN: 232-500-04

TS No. 19-21291-SP-CA            SPACE ABOVE THIS LINE FOR RECORDER'S USE
Purported Street Address: 3139 MOUNT WHITNEY ROAD, ESCONDIDO, CA 92029

**SUBSTITUTION OF TRUSTEE**

WHEREAS, KEVIN P. CAREY A SINGLE MAN AND DEBRA TONER, A SINGLE WOMAN was
the original Trustor(s), NATIONAL CITY BANK was the original Trustee, and NATIONAL CITY
MORTGAGE  A DIVISION OF NATIONAL CITY  BANK was the original Beneficiary under that
certain Deed of Trust dated April 13, 2007and recorded on April 20, 2007 as Instrument Number 2007-
0268965 of the official records of the Recorder of San Diego County, California, and

WHEREAS, the undersigned, who is the present Beneficiary under said Deed of Trust, desires to
substitute a new Trustee in place and stead of said original Trustee, or Successor Trustee, thereunder,

NOW THEREFORE, the undersigned hereby substitutes National Default Servicing Corporation as
Successor Trustee under said Deed of Trust.

BENEFICIARY

The Bank of New York Mellon, as indenture trustee, on

behalf of the holders of the CSMC Trust 2010-16

Mortgage-Backed Notes and Certificates, Series 2010-16

by Select Portfolio Servicing, Inc., as attorney-in-fact

By: _____

Name: _____ Nicholas Wright _____

Title: _____ Doc. Control Officer _____

Select Portfolio Servicing, Inc.
Date: _____ DEC 0 5 2019 _____

STATE OF UTAH        )
COUNTY OF SALT LAKE    )
On this  5   day of  December, in the year 2019 before me
       Vicky Padilla
_____, a notary public, personally appeared
 Nicholas Wright  *Personally Known* , a  **Doc. Control Officer"**  of Select Portfolio
Servicing, Inc., proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to
this instrument, and acknowledged that he/she executed the same. Witness my hand and official seal.

_____
Notary Public

VICKY PADILLA
Notary Public State of Utah
Comm. Exp.: Feb. 27, 2021
Comm. Number: 693750

10/18                                    1                              CA001.A003

This is a true certified copy of the record
if it bears the seal, imprinted in purple ink

SEP 09 2021

ERNEST J. DRONENBURG, JR.
Assessor/Recorder/Clerk
San Diego County, California

Deputy

H. DeLaVega

EXHIBIT 6

DOC# 2019-0581508

Dec 12, 2019  04:04 PM
OFFICIAL RECORDS
Ernest J. Dronenburg, Jr.,
SAN DIEGO COUNTY RECORDER
FEES: $101.00  (SB2 Atkins: $75.00)

PAGES: 4

.RECORDING REQUESTED BY:
National Default Servicing Corporation,
an Arizona Corporation
WHEN RECORDED MAIL TO:
National Default Servicing Corporation,
an Arizona Corporation
7720 N. 16th Street, Suite 300
Phoenix, AZ 85020

NDSC File No. :  19-21291-SP-CA
Title Order No. :  191240972-CA-VOI
Property Address: 3139 Mount Whitney Road Escondido CA 92029
APN: 232-500-04-00

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST
### IMPORTANT NOTICE

*ATTENTION RECORDER*: THE FOLLOWING REFERENCE TO AN ATTACHED SUMMARY IS APPLICABLE TO THE NOTICE PROVIDED TO THE TRUSTOR ONLY PURSUANT TO CIVIL CODE 2923.3
NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION, and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is $39,599.12, as of 12/11/2019 and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your Note and Deed of Trust or Mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required by the Note and Deed of Trust or Mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the

Page 1 of 3

)

NDSC File No. :   19-21291-SP-CA

time payment is made.  However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months

after this notice of default is recorded) to, among other things, (1) provide additional time in which to cure the default by the transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

Select Portfolio Servicing, Inc.
c/o National Default Servicing Corporation, an Arizona Corporation
7720 N. 16th Street, Suite 300
Phoenix, AZ 85020      Phone 602-264-6101    Sales Website: www.ndscorp.com/sales/

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.  Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.  Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

This is an attempt to collect a debt and any information obtained will be used for that purpose.

NOTICE IS HEREBY GIVEN THAT : NATIONAL DEFAULT SERVICING CORPORATION, an Arizona Corporation, is either the original Trustee, the duly appointed substituted Trustee or acting as agent for the Trustee or Beneficiary under a Deed of Trust dated 04/13/2007, executed by Kevin P. Carey a single man and Debra Toner, a single woman, as Trustor, to secure certain obligations in favor of National City Mortgage a division of National City Bank as beneficiary recorded 04/20/2007 as Instrument No. 2007-0268965 (or Book, Page) of the Official Records of San Diego County, CA.  Said obligations including ONE NOTE FOR THE ORIGINAL sum of $637,500.00.

That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of : FAILURE TO PAY THE INSTALLMENT OF PRINCIPAL, INTEREST AND IMPOUNDS WHICH BECAME DUE ON 03/01/2019 AND ALL SUBSEQUENT INSTALLMENTS OF PRINCIPAL, INTEREST AND IMPOUNDS, TOGETHER WITH ALL LATE CHARGES; PLUS ADVANCES MADE AND COSTS INCURRED BY THE BENEFICIARY INCLUDING FORECLOSURE FEES AND COSTS AND/OR ATTORNEY'S FEES.

Page 2 of 3

NDSC File No. : 19-21291-SP-CA

That by reason thereof, the present beneficiary under such Deed of Trust has executed and delivered to duly appointed Trustee a written Declaration of Default and Demand for Sale, and has deposited with said duly appointed Trustee such Deed of Trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

The Declaration required by California Civil Code Sections 2923.5 or 2923.55 is attached hereto.

Dated : _Dec 11_ , 2019

National Default Servicing Corporation, an Arizona Corporation, as Trustee for The Bank of New York Mellon, as indenture trustee, on behalf of the holders of the CSMC Trust 2010-16 Mortgage-Backed Notes and Certificates, Series 2010-16

By: Connie Hernandez, Trustee Sales Representative

3 of 3

**CALIFORNIA DECLARATION OF COMPLIANCE**
**(CAL.CIV.CODE § 2923.55(c))**

Loan Number:

Borrower Name:   KEVIN CAREY, DEBRA TONER

Address:   3139 MT WHITNEY RD, ESCONDIDO, CA  92029

Beneficiary:   The Bank of New York Mellon, as indenture trustee, on behalf of the holders of the CSMC Trust 2010-16 Mortgage-Backed Notes and Certificates, Series 2010-16

The undersigned beneficiary or authorized agent for the beneficiary hereby represents and declares under the penalty of perjury that:

1) ☐   On _____ contact was made with the borrower to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure as required by California Civil Code § 2923.55(b)(2).

2) ☒   On 06/04/2019 the due diligence efforts were satisfied. No contact was made with the borrower despite the due diligence of beneficiary or their authorized agent pursuant to California Civil Code § 2923.55(f).

3) ☐   The borrower has surrendered the secured property as evidenced by a letter confirming the surrender or by delivery of the keys to the secured property to the beneficiary, their authorized agent or the trustee pursuant to California Civil Code §2920.5(c).

4) ☐   The beneficiary or their authorized agent has confirmed that the borrower(s) filed for bankruptcy and the proceedings have not been finalized to wit, there is no order on the court's docket closing or dismissing the bankruptcy case pursuant to California Civil Code §2920.5(c).

5) ☐   The provisions of California Civil Code §2923.55 do not apply because the property is not owner occupied as defined by California Civil Code §2924.15.

The undersigned instructs the trustee to proceed with non-judicial foreclosure proceedings and expressly authorizes the trustee or their authorized agent to sign the notice of default containing the declaration re: contact required pursuant to California Civil Code §2923.55.

Dated:   SEP 2 5 2019

By:   _Cra Allen_

Select Portfolio Servicing, Inc. as authorized agent of Beneficiary

Cora Allen
Doc. Control Officer

This is a true certified copy of the record
if it bears the seal, imprinted in purple ink

ERNEST J. DRONENBURG, JR. SEP 0 9 2021
Assessor/Recorder/Clerk
San Diego County, California

Deputy

H. DeLaVega

EXHIBIT 7

DOC# 2021-0084854

Feb 03, 2021   03:29 PM
OFFICIAL RECORDS
Ernest J. Dronenburg, Jr.,
SAN DIEGO COUNTY RECORDER
FEES: $98.00   (SB2 Atkins: $75.00)

PAGES: 3

**RECORDING REQUESTED BY:**
National Default Servicing Corporation
**WHEN RECORDED MAIL TO:**
NATIONAL DEFAULT SERVICING CORPORATION
7720 N. 16th Street, Suite 300
Phoenix, AZ 85020

T.S. No. 19-21291-SP-CA
Title No. 191240972-CA-VOI
A.P.N. 232-500-04-00

## NOTICE OF TRUSTEE'S SALE

*ATTENTION RECORDER*: THE FOLLOWING REFERENCE TO AN ATTACHED SUMMARY IS APPLICABLE TO THE NOTICE PROVIDED TO THE TRUSTOR ONLY PURSUANT TO CIVIL CODE 2923.3

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED

注：本文件包含一个信息摘要

참고사항: 본 첨부 문서에 정보 요약서가 있습니다

NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 04/13/2007. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, (cashier's check(s) must be made payable to National Default Servicing Corporation), drawn on a state or national bank, a check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state; will be held by the duly appointed trustee as shown below, of all right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to a Deed of Trust described below. The sale will be made in an "as is" condition, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on the day of sale.

Trustor: **Kevin P. Carey a single man and Debra Toner, a single woman**
Duly Appointed Trustee: **National Default Servicing Corporation**
Recorded 04/20/2007 as Instrument No. **2007-0268965** (or Book, Page) of the Official Records of San Diego County, California.

Date of Sale: **03/12/2021 at 10:00 AM**
Place of Sale: **At the entrance to the East County Regional Center by statue, 250 E. Main Street, El Cajon, CA 92020**
Estimated amount of unpaid balance and other charges: **$784,300.36**
Street Address or other common designation of real property: **3139 Mount Whitney Road, Escondido, CA 92029**
A.P.N.: **232-500-04-00**

Page 2
Notice of Trustee's Sale
T.S. No. 19-21291-SP-CA

The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common designation, if any, shown above. If no street address or other common designation is shown, directions to the location of the property may be obtained by sending a written request to the beneficiary within 10 days of the date of first publication of this Notice of Sale.

If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee, and the successful bidder shall have no further recourse.

The requirements of California Civil Code Section 2923.5(b)/2923.55(c) were fulfilled when the Notice of Default was recorded.

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call    or visit this internet website www.ndscorp.com/sales, using the file number assigned to this case 19-21291-SP-CA. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the internet website. The best way to verify postponement information is to attend the scheduled sale.

Page 3
Notice of Trustee's Sale
T.S. No. 19-21291-SP-CA

NOTICE TO TENANT*: You may have a right to purchase this property after the trustee auction pursuant to Section 2924m of the California Civil Code. If you are an "eligible tenant buyer," you can purchase the property if you match the last and highest bid placed at the trustee auction. If you are an "eligible bidder," you may be able to purchase the property if you exceed the last and highest bid placed at the trustee auction. There are three steps to exercising this right of purchase. First, 48 hours after the date of the trustee sale, you can call 888-264-4010, or visit this internet website www.ndscorp.com, using the file number assigned to this case «NDSFILE» to find the date on which the trustee's sale was held, the amount of the last and highest bid, and the address of the trustee. Second, you must send a written notice of intent to place a bid so that the trustee receives it no more than 15 days after the trustee's sale. Third, you must submit a bid so that the trustee receives it no more than 45 days after the trustee's sale. If you think you may qualify as an "eligible tenant buyer" or "eligible bidder," you should consider contacting an attorney or appropriate real estate professional immediately for advice regarding this potential right to purchase.

*Pursuant to Section 2924m of the California Civil Code, the potential rights described herein shall apply only to public auctions taking place on or after January 1, 2021, through December 31, 2025, unless later extended.

Date: 02/02/2021

National Default Servicing Corporation
c/o Tiffany & Bosco, P.A., its agent,
1455 Frazee Road, Suite 820
San Diego, CA 92108    Toll Free Phone: 888-264-4010
Sales Line ; Sales Website: www.ndscorp.com

Rachael Hamilton, Trustee Sales Representative

This is a true certified copy of the record
if it bears the seal, imprinted in purple ink

ERNEST J. DRONENBURG, JR.   SEP 0 9 2021
Assessor/Recorder/Clerk
San Diego County, California

Deputy

H. DeLaVega

EXHIBIT 8

Recorded at the request
of Corinthian Title

**DOC#  2021-0552154**

Aug 03, 2021  11:58 AM
OFFICIAL RECORDS
Ernest J. Dronenburg, Jr.,
SAN DIEGO COUNTY RECORDER
FEES: $878.55  (SB2 Atkins: $0.00)
PCOR: AFNF
PAGES: 4

**WHEN RECORDED MAIL TO:**
3139 Mount Whitney Rd. Trust Dated 06/14/2021
U.S. Financial, L.P., as Trustee
1919 Grand Ave 2F
San Diego CA 92109

**FORWARD TAX STATEMENTS TO:**
3139 Mount Whitney Rd. Trust Dated 06/14/2021
U.S. Financial, L.P., as Trustee
1919 Grand Ave 2F
San Diego CA 92109

NDSC File No.   :        19-21291-SP-CA
Title Order No.  :        191240972-CA-VOI

APN: **232-500-04-00**

## TRUSTEE'S DEED UPON SALE

Transfer Tax : $ *825.55*

The Grantee herein **WAS** not the Beneficiary
The amount of the unpaid debt was **$801,011.24**
The amount paid by the Grantee was **$750,000.01.**
The property is in the city of **Escondido**, County of **San Diego**, State of **CA.**

**National Default Servicing Corporation, an Arizona Corporation,** as the duly appointed Trustee (or successor Trustee or Substituted Trustee), under a Deed of Trust referred to below, and herein called "Trustee", does hereby grant without any covenant or warranty to :

**3139 Mount Whitney Rd. Trust Dated 06/14/2021, U.S. Financial, L.P., as Trustee**

herein called Grantee, the following described real property situated in **San Diego County** :

**PARCEL 1:**

**THAT PORTION OF THE SOUTH HALF OF LOT 4, IN SECTION 19, TOWNSHIP 12 SOUTH, RANGE 2 WEST, SAN BERNARDINO MERIDIAN, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF, DESCRIBED AS FOLLOWS:**

**COMMENCING AT THE NORTHWEST CORNER OF THE SOUTH HALF OF SAID LOT 4; THENCE ALONG THE NORTHERLY LINE OF SAID SOUTH HALF OF LOT 4, NORTH 89° 51' 29" EAST, 684.24 FEET TO THE TRUE POINT OF BEGINNING; THENCE CONTINUING ALONG SAID NORTHERLY LINE, NORTH 89° 51' 29" EAST, 228.06 FEET TO THE WESTERLY LINE OF THE EASTERLY 421.00 FEET OF SAID LOT 4; THENCE SOUTHERLY ALONG SAID CURVE WESTERLY LINE TO THE SOUTHERLY LINE OF THE NORTHERLY 500.00 FEET OF SAID SOUTH HALF LOT 4; THENCE ALONG SAID SOUTHERLY LINE SOUTH 89° 51' 29" WEST TO A POINT DISTANT THEREON NORTH 89° 51' 29" EAST, 681.39 FEET FROM THE WESTERLY LINE OF SAID LOT 4; THENCE NORTHERLY ALONG A STRAIGHT LINE TO THE TRUE POINT OF BEGINNING.**

NDSC File Number: 19-21291-SP-CA
Trustee's Deed Upon Sale
Page 2

PARCEL 2:

AN EASEMENT AND RIGHT OF WAY FOR ROAD AND PUBLIC UTILITY PURPOSES
OVER AND ACROSS THE NORTHERLY 30.00 FEET OF THE SOUTH HALF OF LOT 4
IN SECTION 19, TOWNSHIP 12 SOUTH, RANGE 2 WEST, SAN BERNARDINO
MERIDIAN, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA,
ACCORDING TO THE OFFICIAL PLAT THEREOF.

EXCEPTING THEREFROM THE EASTERLY 421.00 FEET.

ALSO EXCEPTING THEREFROM THAT PORTION LYING WITHIN IN PARCEL 1
ABOVE DESCRIBED.

PARCEL 3:

AN EASEMENT AND RIGHT OF WAY FOR INGRESS, EGRESS FOR ROADWAY AND
PUBLIC UTILITIES PURPOSES OVER THE NORTHERLY 20.00 FEET OF THE
SOUTH HALF OF LOT 3, IN SECTION 19, TOWNSHIP 12 SOUTH, RANGE 2 WEST,
SAN BERNARDINO MERIDIAN, IN THE COUNTY OF SAN DIEGO, STATE OF
CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF.

PARCEL 4:

AN EASEMENT AND RIGHT OF WAY FOR ROAD AND PUBLIC UTILITY PURPOSES
OVER AND ACROSS A STRIP OF LAND 30.00 FEET IN WIDTH LYING WITHIN LOTS
3 AND 4 IN SECTION 19, TOWNSHIP 12 SOUTH, RANGE 2 WEST, SAN BERNARDINO
MERIDIAN, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA,
ACCORDING TO THE OFFICIAL PLAT THEREOF, THE SOUTHERLY BOUNDARY
OF SAID STRIP BEING DESCRIBED AS FOLLOWS:

COMMENCING AT ENGINEER'S STATION 31 ‡ 16.33 ON THE CENTER LINE OF
COUNTY ROAD SURVEY NO. 1202, ACCORDING TO PLAT THEREOF ON FILE IN
THE OFFICE OF THE COUNTY ENGINEER OF SAN DIEGO COUNTY; THENCE
ALONG THE PROLONGATION OF SAID CENTER LINE NORTH 39° 44' 52" WEST,
100.00 FEET THENCE SOUTH 02° 21' 54" WEST 300.00 FEET; THENCE NORTH 89° 53'
06" WEST 1200.00 FEET TO THE TRUE POINT OF BEGINNING; THENCE SOUTH 59°
06' 54" WEST, 120.00 FEET, THENCE SOUTH 79° 06' 54" WEST 100.00 FEET, THENCE
SOUTH 62° 06' 54" WEST 88.00 FEET, THENCE NORTH 76° 53' 06" WEST, 110.00
FEET, THENCE NORTH 52° 53' 06" WEST, 137.00 FEET; THENCE NORTH 24° 53' 06"
WEST, 9.87 FEET TO THE NORTHERLY LINE OF SOUTH HALF OF SAID LOT 4;
THENCE ALONG SAID NORTHERLY LINE SOUTH 89° 51' 29" WEST TO THE
WESTERLY LINE OF SAID LOT 4. SAID EASEMENT TO TERMINATE
NORTHEASTERLY IN THE SOUTHERLY LINE OF THE NORTHERLY 30.00 FEET OF
THE SOUTH HALF OF SAID LOT 3 AND TO TERMINATE WESTERLY IN THE
WESTERLY LINE OF SAID LOT 4.

NDSC File Number: 19-21291-SP-CA
Trustee's Deed Upon Sale
Page 3

**PARCEL 5:**

**AN EASEMENT AND RIGHT OF WAY FOR ROAD AND PUBLIC UTILITY PURPOSES OVER AND ACROSS THAT PORTION OF THE SOUTHERLY 10.00 FEET OF THE NORTHERLY 30.00 FEET OF THE SOUTH HALF OF LOT 3 IN SECTION 19, TOWNSHIP 12 SOUTH, RANGE 2 WEST, SAN BERNARDINO MERIDIAN, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF, LYING EASTERLY OF THE NORTHEASTERLY PROLONGATION OF THE NORTHWESTERLY LINE OF PARCEL 4 HEREINABOVE DESCRIBED.**

**PARCEL 6:**

**AN EASEMENT FOR INGRESS AND EGRESS OVER THE EXISTING CONCRETE DRIVEWAY AND PURPOSES INCIDENTAL THERETO ALONG THE EASTERLY BOUNDARY LINE OF THE FOLLOWING DESCRIBED LAND:**

**ALL THAT PORTION OF THE SOUTHERLY HALF OF LOT 4 IN SECTION 19, TOWNSHIP 12 SOUTH, RANGE 2 WEST, SAN BERNARDINO MERIDIAN, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO THE UNITED STATES GOVERNMENT SURVEY APPROVED DECEMBER 14, 1885, BEING DESCRIBED AS FOLLOWS:**

**COMMENCING AT THE NORTHWEST CORNER OF THE SOUTHERLY HALF OF LOT 4 IN SAID SECTION 19, THENCE ALONG THE NORTHERLY LINE OF SAID SOUTHERLY HALF; NORTH 89° 51' 29" EAST, 456.16 FEET TO THE TRUE POINT OF BEGINNING; THENCE CONTINUING ALONG SAID NORTHERLY LINE, NORTH 89°51'29" EAST 228.00 FEET, THENCE SOUTHERLY IN A STRAIGHT LINE A DISTANCE OF 500.00 FEET TO A POINT ON THE SOUTHERLY HALF OF LOT 4, DISTANT THEREON NORTH 89°51'29" EAST 681.39 FEET FROM THE SOUTHWEST CORNER OF SAID NORTHERLY 500.00 FEET; THENCE ALONG SAID SOUTHERLY LINE SOUTH 89°51'29" WEST, 227.13 FEET; THENCE NORTHERLY IN A STRAIGHT LINE, A DISTANCE OF 500.00 FEET TO THE TRUE POINT OF BEGINNING.**

This conveyance is made pursuant to the powers conferred upon Trustee by said Deed of Trust executed by **Kevin P. Carey a single man and Debra Toner, a single woman** , as Trustor, recorded on **04/20/2007** as Instrument No. **2007-0268965** (or Book, Page) of the Official Records of **San Diego** County, **CA**.

All requirements of law regarding the recording and mailing of copies of the Notice of Default and Election to Sell, the recording, mailing, posting, and publication of the Notice of Trustee's Sale have been complied with.

NDSC File Number: 19-21291-SP-CA
Trustee's Deed Upon Sale
Page 4

Trustee, in compliance with said Notice of Trustee's Sale and in exercise of its powers under said Deed of Trust sold said real property at public auction on **06/14/21** Grantee, being the highest bidder at said sale became the purchaser of said property for the amount bid, which amount was **$750,000.01.**

Dated: 07/30/21                      National Default Servicing Corporation, an Arizona Corporation

                                     By: _Carmen Navejas_

                                     **Carmen Navejas, Trustee Sales Officer**

State of _____ARIZONA_
County of MARICOPA

On July 30, 2021 before me, the undersigned, a Notary Public for said State, personally appeared **Carmen Navejas** personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _Stephen Daniel Clem_

STEPHEN DANIEL CLEM
Notary Public, State of Arizona
Maricopa County
Commission # 554128
My Commission Expires
November 03, 2022

ACCOMMODATION ONLY. THIS INSTRUMENT FILED FOR RECORD BY CORINTHIAN TITLE COMPANY AS AN ACCOMODATION ONLY. IT HAS NOT YET BEEN EXAMINED AS TO ITS EXECUTION, OR AS TO ITS EFFECTS UPON TITLE.

ACCOMMODATION ONLY. THIS INSTRUMENT FILED FOR RECORD BY CORINTHIAN TITLE COMPANY AS AN ACCOMODATION ONLY. IT HAS NOT YET BEEN EXAMINED AS TO ITS EXECUTION, OR AS TO ITS EFFECTS UPON TITLE.

This is a true certified copy of the record
if it bears the seal, imprinted in purple ink

ERNEST J. DRONENBURG, JR.
Assessor/Recorder/Clerk
San Diego County, California

SEP 09 2021

Deputy

H. DeLaVega

EXHIBIT 9

RECORDING REQUESTED BY:
Kevin P. Carey

MAIL TAX STATEMENTS AND
WHEN RECORDED MAIL TO:
Debra Toner
PO Box 2225
Valley Center, CA
92082

Order No.:
Escrow No.:
APN: 232-500-04-00

DOC# 2021-0345728

May 05, 2021  10:12 AM
OFFICIAL RECORDS
Ernest J. Dronenburg, Jr.,
SAN DIEGO COUNTY RECORDER
FEES: $102.00  (SB2 Atkins: $75.00)
PCOR: YES
PAGES: 2

SPACE ABOVE THIS LINE IS FOR RECORDER'S USE

# GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S):

DOCUMENTARY TRANSFER TAX IG $ 0 Gift

_X__ Computed on full value of property conveyed, or
____ Computed on full value less liens and encumbrances remaining at time of sale.
_X__ Unincorporated area  SAN DIEGO, City of ESCONDIDO

For valuable consideration, receipt of which is hereby acknowledged,

Kevin P. Carey , a Single Man  grants his full interest

hereby GRANT(S) to    Richard L. Stanley all rights to subject property including but not limited to mineral, water and air rights.

the real property situated in the County of San Diego, State of California, more particularly described as follows:  See Attached Legal Description

Dated: APRIL 19TH, 2021

Kevin P. Carey

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF San Diego ) ss

On April 16 2021 before me, Lynn O Trude , Notary Public, personally appeared Kevin P Carey
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature Lynn O Trude

MAIL TAX STATEMENTS AS DIRECTED ABOVE



LYNN D. TRUDE
COMM #2349020
NOTARY PUBLIC-CALIFORNIA
SAN DIEGO COUNTY
My Comm. Expires MARCH 27, 2025

# EXHIBIT "A"
## DESCRIPTION

Order No. ▓▓▓▓▓▓▓

EASEMENT TO TERMINATE NORTHEASTERLY IN THE SOUTHERLY LINE OF THE NORTHERLY 30.00 FEET OF THE SOUTH HALF OF SAID LOT 3 AND TO TERMINATE WESTERLY IN THE WESTERLY LINE OF SAID LOT 4.

PARCEL 5:

AN EASEMENT AND RIGHT OF WAY FOR ROAD AND PUBLIC UTILITY PURPOSES OVER AND ACROSS THAT PORTION OF THE SOUTHERLY 10.00 FEET OF THE NORTHERLY 30.00 FEET OF THE SOUTH HALF OF LOT 3 IN SECTION 19, TOWNSHIP 12 SOUTH,  RANGE 2 WEST, SAN BERNARDINO MERIDIAN, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF, LYING EASTERLY OF THE NORTHEASTERLY PROLONGATION OF THE NORTHWESTERLY LINE OF PARCEL 4 HEREINABOVE DESCRIBED.

PARCEL 6:

AN EASEMENT FOR INGRESS AND EGRESS OVER THE EXISTING CONCRETE DRIVEWAY AND PURPOSES INCIDENTAL THERETO ALONG THE EASTERLY BOUNDARY LINE OF THE FOLLOWING DESCRIBED LAND:

ALL THAT PORTION OF THE SOUTHERLY HALF OF LOT 4 IN SECTION 19, TOWNSHIP 12 SOUTH, RANGE 2 WEST, SAN BERNARDINO MERIDIAN, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO THE UNITED STATES GOVERNMENT SURVEY APPROVED DECEMBER 14, 1885, BEING DESCRIBED AS FOLLOWS:

COMMENCING AT THE NORTHWEST CORNER OF THE SOUTHERLY HALF OF LOT 4 IN SAID SECTION 19, THENCE ALONG THE NORTHERLY LINE OF SAID SOUTHERLY HALF; NORTH 89° 51' 29" EAST, 456.16 FEET TO THE TRUE POINT OF BEGINNING; THENCE CONTINUING ALONG SAID NORTHERLY LINE, NORTH 89° 51' 29" EAST 228.00 FEET, THENCE SOUTHERLY IN A STRAIGHT LINE A DISTANCE OF 500.00 FEET TO A POINT ON THE SOUTHERLY HALF OF LOT 4, DISTANT THEREON NORTH 89° 51' 29" EAST 681.39 FEET FROM THE SOUTHWEST CORNER OF SAID NORTHERLY 500.00 FEET; THENCE ALONG SAID SOUTHERLY LINE SOUTH 89° 51' 29" WEST, 227.13 FEET; THENCE NORTHERLY IN A STRAIGHT LINE, A DISTANCE OF 500.00 FEET TO THE TRUE POINT OF BEGINNING.

APN.  232-500-04-00

This is a true certified copy of the record
if it bears the seal, imprinted in purple ink

ERNEST J. DRONENBURG, JR.
Assessor/Recorder/Clerk
San Diego County, California

SEP 0 9 2021

Deputy

H. DeLaVega

EXHIBIT 10

DOC# 2021-0333423

Apr 30, 2021  09:19 AM
OFFICIAL RECORDS
Ernest J. Dronenburg, Jr.,
SAN DIEGO COUNTY RECORDER
FEES: $98.00   (SB2 Atkins: $75.00)
PCOR: YES
PAGES: 4

Recording Requested By:
Debra Toner

When Recorded Mail To:
Debra Toner
PO Box 2225
Valley Center, CA 92082

APN: 232-500-04-00

## MEMORANDUM OF LEASE AGREEMENT

This Memorandum of Prepaid Lease Agreement (the "Memorandum") is entered into this 17th day of April, 04/17/2021, by and between **("Landlord"), Debra Toner** whose address for purposes hereof is PO Box 2225, Valley Center, CA 92082.

**Richard Stanley ("Tenant")** whose address for notice purposes being 3139 Mt. Whitney Rd., Escondido, CA 92029

## Agreement of Pre Paid Lease

A. Landlord and Tenant have entered into a Pre Paid Lease Agreement (the "Lease") dated as of April 17, 2021 pursuant to which Landlord has demised and let to Tenant **3139 Mt Whitney Rd, Escondido, CA 92029,** as more particularly described on Exhibit A "Legal Description" attached hereto and made part hereof (the "Leased Premises").

B. Landlord and Tenant desire to execute this Memorandum, which is to be Recorded in the Public Records of San Diego County, California, in order that third parties may have Notice of the estate and preservation of rights of Tenant with Controlling and Beneficial interest in the Leased Property.

NOW, THEREFORE, in consideration of pre paid Lease at market value rents and covenants provided for in the Lease to be paid and performed by Tenant, Landlord does hereby demise and let unto Tenant the Lease Premises on the terms and subject to the conditions set forth in the Lease among which are the following : attached page 2

Pg 1

1.   **TERM;**  The initial term of the Lease shall be for a period of **Six (6)
years commencing on April 17, 2021,  and ending on April 17, 2027
with the first right of refusal to renew at the end of this Lease.  The
Lease amount is fair market rent pre paid every three years.**

3.  **INCORPORATION OF LEASE TERMS BY REFERENCE.** All the
terms, conditions, provisions and covenants of the Lease are
incorporated in this Memorandum by reference as though written out at
length herein.  In the event of any inconsistency between the provisions
of this Memorandum and those of the Lease, the provisions of the Lease
shall control.  Copies of the Lease are held by both Landlord and Tenant
at their respective addresses first set forth above.  Landlord reserves
the right to assign, transfer, sell Lease to another Landlord at any time.

Dated: April 17, 2021

_____

Debra Toner/ Landlord

_____

Richard Stanley/ Tenant

Please see attached
notarial certificate.

Pq2

# EXHIBIT "A"
## DESCRIPTION

Order No.

EASEMENT TO TERMINATE NORTHEASTERLY IN THE SOUTHERLY LINE OF THE NORTHERLY 30.00 FEET OF THE SOUTH HALF OF SAID LOT 3 AND TO TERMINATE WESTERLY IN THE WESTERLY LINE OF SAID LOT 4.

PARCEL 5:

AN EASEMENT AND RIGHT OF WAY FOR ROAD AND PUBLIC UTILITY PURPOSES OVER AND ACROSS THAT PORTION OF THE SOUTHERLY 10.00 FEET OF THE NORTHERLY 30.00 FEET OF THE SOUTH HALF OF LOT 3 IN SECTION 19, TOWNSHIP 12 SOUTH, RANGE 2 WEST, SAN BERNARDINO MERIDIAN, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF, LYING EASTERLY OF THE NORTHEASTERLY PROLONGATION OF THE NORTHWESTERLY LINE OF PARCEL 4 HEREINABOVE DESCRIBED.

PARCEL 6:

AN EASEMENT FOR INGRESS AND EGRESS OVER THE EXISTING CONCRETE DRIVEWAY AND PURPOSES INCIDENTAL THERETO ALONG THE EASTERLY BOUNDARY LINE OF THE FOLLOWING DESCRIBED LAND:

ALL THAT PORTION OF THE SOUTHERLY HALF OF LOT 4 IN SECTION 19, TOWNSHIP 12 SOUTH, RANGE 2 WEST, SAN BERNARDINO MERIDIAN, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO THE UNITED STATES GOVERNMENT SURVEY APPROVED DECEMBER 14, 1885, BEING DESCRIBED AS FOLLOWS:

COMMENCING AT THE NORTHWEST CORNER OF THE SOUTHERLY HALF OF LOT 4 IN SAID SECTION 19, THENCE ALONG THE NORTHERLY LINE OF SAID SOUTHERLY HALF; NORTH 89° 51' 29" EAST, 456.16 FEET TO THE TRUE POINT OF BEGINNING; THENCE CONTINUING ALONG SAID NORTHERLY LINE, NORTH 89° 51' 29" EAST 228.00 FEET, THENCE SOUTHERLY IN A STRAIGHT LINE A DISTANCE OF 500.00 FEET TO A POINT ON THE SOUTHERLY HALF OF LOT 4, DISTANT THEREON NORTH 89° 51' 29" EAST 681.39 FEET FROM THE SOUTHWEST CORNER OF SAID NORTHERLY 500.00 FEET; THENCE ALONG SAID SOUTHERLY LINE SOUTH 89° 51' 29" WEST, 227.13 FEET; THENCE NORTHERLY IN A STRAIGHT LINE, A DISTANCE OF 500.00 FEET TO THE TRUE POINT OF BEGINNING.

APN. 232-500-04-00

P93

## ACKNOWLEDGMENT

A notary public or other officer completing this
certificate verifies only the identity of the individual
who signed the document to which this certificate is
attached, and not the truthfulness, accuracy, or
validity of that document.

State of California
County of _San Diego_ )

On _April 22, 2021_ before me, _Kathleen M. Schwartz, Notary Public_
(insert name and title of the officer)

personally appeared _Debra Toner and Richard Stanley_,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

KATHLEEN M. SCHWARTZ
Notary Public - California
San Diego County
Commission # 2323280
My Comm. Expires Mar 8, 2024

Signature _Kathleen M. Schwartz_        **(Seal)**

This is a true certified copy of the record if it bears the seal, imprinted in purple ink

ERNEST J. DRONENBURG, JR.    SEP 0 9 2021
Assessor/Recorder/Clerk
San Diego County, California

Deputy

H. DeLaVega

# EXHIBIT 11

# Select a Case

**There were 2 matching persons.**

**There were 5 matching cases.**

| Name | Case No. | Case Title | Chapter / Lead BK case | Date Filed | Party Role | Date Closed |
|------|----------|------------|------------------------|------------|------------|-------------|
| Stanley, Richard (pty) (1 case) | 96-09966-JM | Richard Stanley | 7 | 07/23/96 | Debtor | 11/01/96 |
| Stanley, Richard Lee (pty) (4 cases) | 10-14486-MM13 | Richard Lee Stanley | 13 | 08/15/10 | Debtor | 10/14/10 |
| | 10-18157-MM13 | Richard Lee Stanley | 13 | 10/12/10 | Debtor | 10/12/11 |
| | 11-15765-MM13 | Richard Lee Stanley | 13 | 09/22/11 | Debtor | 10/09/12 |
| | 14-09730-MM13 | Richard Lee Stanley | 13 | 12/18/14 | Debtor | 06/03/15 |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/14/2021 16:54:27 | | |
| **PACER Login:** | Lawrence78 | **Client Code:** | |
| **Description:** | Search | **Search Criteria:** | LName: Stanley FName: Richard |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

EXHIBIT 12

DOC# 2021-0176844

|||||||||||||||||||||||||||||||||||||||||||||||||

Mar 08, 2021   09:33 AM
OFFICIAL RECORDS
Ernest J. Dronenburg, Jr.,
SAN DIEGO COUNTY RECORDER
FEES: $98.00   (SB2 Atkins: $75.00)

PAGES: 4

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:
**CHARLES T. MARSHALL** [CSB# 176091]
**Attorney at Law**
415 Laurel Street, #405
San Diego, California 92101
Tel. (619) 807-2628

Attorney for Plaintiff Debra Toner

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF SAN DIEGO

DEBRA TONER, a Single Woman;

    *Plaintiff(s).*

vs.

BANK OF NEW YORK MELLON;
SELECT PORTFOLIO SERVICES (SPS);
HOLDERS OF THE CSMC TRUST 2010-
16 MORTGAGE-BACKED NOTES AND
CERTIFICATES SERIES 2010-16; All
Persons Unknown, Claiming any Legal
or Equitable Right, Title, Estate, Lien, or
Interest in the Property Described in the
Complaint Adverse to Plaintiff's Title or any
Cloud Upon Plaintiff's Title Thereto and
DOES 1 through 50, Inclusive,

    *Defendant(s).*

Case No. 37-2021-00009286-CU-OR-NC

**NOTICE OF PENDENCY OF ACTION**

**APN: 232-500-04-00**

---

## NOTICE OF PENDENCY OF ACTION

NOTICE IS GIVEN that an action commenced on March 3, 2021, in the above-entitled court, which concerns real property or affects the title or right of possession of real property. The names of all Parties are as Follows: Plaintiff, Debra Toner vs. Defendants Bank of New York Mellon et.al.. The property in question is described as (See Exhibit "A", attached), in the San Diego County Records, also Known as 3139 Mount Whitney Road, Escondido, California 92029.

1

NOTICE OF PENDENCY OF ACTION

1

2 Date: March 3, 2021

3

4

5 Charles T. Marshall
   Attorney for Plaintiff, Debra Toner

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF PENDENCY OF ACTION

# EXHIBIT "A"

## DESCRIPTION

**1582**





PARCEL 1:

THAT PORTION OF THE SOUTH HALF OF LOT 4, IN SECTION 19, TOWNSHIP 12 SOUTH, RANGE 2 WEST, SAN BERNARDINO MERIDIAN, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF, DESCRIBED AS FOLLOWS:

COMMENCING AT THE NORTHWEST CORNER OF THE SOUTH HALF OF SAID LOT 4; THENCE ALONG THE NORTHERLY LINE OF SAID SOUTH HALF OF LOT 4, NORTH 89° 51' 29" EAST, 684.24 FEET TO THE TRUE POINT OF BEGINNING; THENCE CONTINUING ALONG SAID NORTHERLY LINE, NORTH 89° 51' 29" EAST, 228.06 FEET TO THE WESTERLY LINE OF THE EASTERLY 421.00 FEET OF SAID LOT 4; THENCE SOUTHERLY ALONG SAID CURVE WESTERLY LINE TO THE SOUTHERLY LINE OF THE NORTHERLY 500.00 FEET OF SAID SOUTH HALF OF SAID LOT 4; THENCE ALONG SAID SOUTHERLY LINE SOUTH 89° 51' 29" WEST TO A POINT DISTANT THEREON NORTH 89° 51' 29" EAST, 681.39 FEET FROM THE WESTERLY LINE OF SAID LOT 4; THENCE NORTHERLY ALONG A STRAIGHT LINE TO THE TRUE POINT OF BEGINNING.

PARCEL 2:

AN EASEMENT AND RIGHT OF WAY FOR ROAD AND PUBLIC UTILITY PURPOSES OVER AND ACROSS THE NORTHERLY 30.00 FEET OF THE SOUTH HALF OF LOT 4 IN SECTION 19, TOWNSHIP 12 SOUTH, RANGE 2 WEST, SAN BERNARDINO MERIDIAN, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF.

EXCEPTING THEREFROM THE EASTERLY 421.00 FEET.

ALSO EXCEPTING THEREFROM THAT PORTION LYING WITHIN IN PARCEL 1 ABOVE DESCRIBED.

PARCEL 3:

AN EASEMENT AND RIGHT OF WAY FOR INGRESS, EGRESS FOR ROADWAY AND PUBLIC UTILITIES PURPOSES OVER THE NORTHERLY 20.00 FEET OF THE SOUTH HALF OF LOT 3, IN SECTION 19, TOWNSHIP 12 SOUTH, RANGE 2 WEST, SAN BERNARDINO MERIDIAN, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF.

PARCEL 4:

AN EASEMENT AND RIGHT OF WAY FOR ROAD AND PUBLIC UTILITY PURPOSES OVER AND ACROSS A STRIP OF LAND 30.00 FEET IN WIDTH LYING WITHIN LOTS 3 AND 4 IN SECTION 19, TOWNSHIP 12 SOUTH, RANGE 2 WEST, SAN BERNARDINO MERIDIAN, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF, THE SOUTHERLY BOUNDARY OF SAID STRIP BEING DESCRIBED AS FOLLOWS:

COMMENCING AT ENGINEER'S STATION 31 + 16.33 ON THE CENTER LINE OF COUNTY ROAD SURVEY NO. 1202, ACCORDING TO PLAT THEREOF ON FILE IN THE OFFICE OF THE COUNTY ENGINEER OF SAN DIEGO COUNTY; THENCE ALONG THE PROLONGATION OF SAID CENTER LINE NORTH 39° 44' 52" WEST, 100.00 FEET THENCE SOUTH 02° 21' 54" WEST 300.00 FEET; THENCE NORTH 89° 53' 06" WEST 1200.00 FEET TO THE TRUE POINT OF BEGINNING; THENCE SOUTH 59° 06' 54" WEST, 120.00 FEET, THENCE SOUTH 79° 06' 54" WEST 100.00 FEET, THENCE SOUTH 62° 06' 54" WEST 88.00 FEET, THENCE NORTH 76° 53' 06" WEST, 110.00 FEET, THENCE NORTH 52° 53' 06" WEST, 137.00 FEET; THENCE NORTH 24° 53' 06" WEST, 9.87 FEET TO THE NORTHERLY LINE OF SOUTH HALF OF SAID LOT 4; THENCE ALONG SAID NORTHERLY LINE SOUTH 89° 51' 29" WEST TO THE WESTERLY LINE OF SAID LOT 4. SAID

## EXHIBIT "A"
### DESCRIPTION

**1583**

EASEMENT TO TERMINATE NORTHEASTERLY IN THE SOUTHERLY LINE OF THE NORTHERLY 30.00 FEET OF THE SOUTH HALF OF SAID LOT 3 AND TO TERMINATE WESTERLY IN THE WESTERLY LINE OF SAID LOT 4.

PARCEL 5:

AN EASEMENT AND RIGHT OF WAY FOR ROAD AND PUBLIC UTILITY PURPOSES OVER AND ACROSS THAT PORTION OF THE SOUTHERLY 10.00 FEET OF THE NORTHERLY 30.00 FEET OF THE SOUTH HALF OF LOT 3 IN SECTION 19, TOWNSHIP 12 SOUTH,  RANGE 2 WEST, SAN BERNARDINO MERIDIAN, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF, LYING EASTERLY OF THE NORTHEASTERLY PROLONGATION OF THE NORTHWESTERLY LINE OF PARCEL 4 HEREINABOVE DESCRIBED.

PARCEL 6:

AN EASEMENT FOR INGRESS AND EGRESS OVER THE EXISTING CONCRETE DRIVEWAY AND PURPOSES INCIDENTAL THERETO ALONG THE EASTERLY BOUNDARY LINE OF THE FOLLOWING DESCRIBED LAND:

ALL THAT PORTION OF THE SOUTHERLY HALF OF LOT 4 IN SECTION 19, TOWNSHIP 12 SOUTH, RANGE 2 WEST, SAN BERNARDINO MERIDIAN, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO THE UNITED STATES GOVERNMENT SURVEY APPROVED DECEMBER 14, 1885, BEING DESCRIBED AS FOLLOWS:

COMMENCING AT THE NORTHWEST CORNER OF THE SOUTHERLY HALF OF LOT 4 IN SAID SECTION 19, THENCE ALONG THE NORTHERLY LINE OF SAID SOUTHERLY HALF; NORTH 89° 51' 29" EAST, 456.16 FEET TO THE TRUE POINT OF BEGINNING; THENCE CONTINUING ALONG SAID NORTHERLY LINE, NORTH 89° 51' 29" EAST 228.00 FEET, THENCE SOUTHERLY IN A STRAIGHT LINE A DISTANCE OF 500.00 FEET TO A POINT ON THE SOUTHERLY HALF OF LOT 4, DISTANT THEREON NORTH 89° 51' 29" EAST 681.39 FEET FROM THE SOUTHWEST CORNER OF SAID NORTHERLY 500.00 FEET; THENCE ALONG SAID SOUTHERLY LINE SOUTH 89° 51' 29" WEST, 227.13 FEET; THENCE NORTHERLY IN A STRAIGHT LINE, A DISTANCE OF 500.00 FEET TO THE TRUE POINT OF BEGINNING.

This is a true certified copy of the record if it bears the seal, imprinted in purple ink

ERNEST J. DRONENBURG, JR. SEP 0 9 2021
Assessor/Recorder/Clerk
San Diego County, California

Deputy

H. DeLaVega

EXHIBIT 13

**SUPERIOR COURT OF CALIFORNIA**
# County of SAN DIEGO

**Register of Actions Notice**

| | | | | |
|---|---|---|---|---|
| Case Number: | 37-2021-00009286-CU-OR-NC | Filing Date: | 03/03/2021 |
| Case Title: | Toner vs Bank of New York Mellon [IMAGED] | Case Age: | 274 days |
| Case Status: | Pending | Location: | North County |
| Case Category: | Civil - Unlimited | Judicial Officer: | Earl H. Maas, III |
| Case Type: | Other Real Property | Department: | N-28 |

## Future Events

| Date | Time | Department | Event |
|---|---|---|---|
| 12/10/2021 | 01:30 PM | N-28 | Motion Hearing (Civil) |
| 01/28/2022 | 10:00 AM | N-28 | Civil Case Management Conference - Complaint |
| 04/01/2022 | 01:30 PM | N-28 | Demurrer / Motion to Strike |
| 04/01/2022 | 01:30 PM | N-28 | Motion Hearing (Civil) |

## Participants

| Name | Role | Representation |
|---|---|---|
| Holders of the CSMC Trust 2010-16 Mortgage-Backed Notes and Certificates Series 2010-16 | Defendant | |
| Select Portfolio Services | Defendant | Robinson, Cathy Knecht |
| TONER, DEBRA | Plaintiff | Marshall, Charles T |
| The Bank of New York Mellon as Indenture Trustee on Behalf of the Holders of the CSMC Trust 2010-16 Mortgage-Backed Notes and Certificates Series 2010-16; ESA : Bank of New York Mellon AND Holders of the CSMC Trust 2010-16 Mortgage-Backed Notes and Certificates Series 2010-16 | Defendant | Robinson, Cathy Knecht |

## Representation

| Name | Address | Phone Number |
|---|---|---|
| MARSHALL, CHARLES  T | LAW OFFICES OF CHARLES T MARSHALL 415 Laurel Street 405 San Diego CA 92101 | (866) 575-7413, (619) 807-2628 |
| ROBINSON, CATHY  K | WRIGHT FINLAY & ZAK LLP 4665 MacArthur Court 200 Newport Beach CA 92660 | (949) 477-5050 |

| ROA# | Entry Date | Short/Long Entry | Filed By |
|---|---|---|---|
| 1 | 03/03/2021 | Complaint filed by TONER, DEBRA. Refers to: The Bank of New York Mellon as Indenture Trustee on Behalf of the Holders of the CSMC Trust 2010-16 Mortgage-Backed Notes and Certificates Series 2010-16; Select Portfolio Services; Holders of the CSMC Trust 2010-16 Mortgage-Backed Notes and Certificates Series 2010-16 | TONER, DEBRA (Plaintiff) |
| 2 | 03/03/2021 | Civil Case Cover Sheet filed by TONER, DEBRA. Refers to: The Bank of New York Mellon as Indenture Trustee on Behalf of the Holders of the CSMC Trust 2010-16 Mortgage-Backed Notes and Certificates Series 2010-16; Select Portfolio Services; Holders of the CSMC Trust 2010-16 Mortgage-Backed Notes and Certificates Series 2010-16 | TONER, DEBRA (Plaintiff) |
| 3 | 03/03/2021 | Original Summons filed by TONER, DEBRA. Refers to: The Bank of New York Mellon as Indenture Trustee on Behalf of the Holders of the CSMC Trust 2010-16 Mortgage-Backed Notes and Certificates Series 2010-16; Select Portfolio Services; Holders of the CSMC Trust 2010-16 Mortgage-Backed Notes and Certificates Series 2010-16 | TONER, DEBRA (Plaintiff) |

San Diego Superior Court    Case: 37-2021-00009286-CU-OR-NC    Title: Toner vs Bank of New York Mellon [IMAGED

| | | | |
|---|---|---|---|
| 4 | 03/04/2021 | Summons issued. | |
| 5 | 03/03/2021 | Case assigned to Judicial Officer Freeland, Cynthia. | |
| 6 | 03/04/2021 | Civil Case Management Conference scheduled for 01/28/2022 at 09:00:00 AM at North County in N-27 Cynthia A. Freeland. | |
| 7 | 03/04/2021 | Case initiation form printed. | |
| 8 | 03/08/2021 | Ex Parte scheduled for 03/11/2021 at 08:30:00 AM at North County in N-27 Cynthia A. Freeland. | |
| 9 | 03/08/2021 | Motion Hearing (Civil) scheduled for 05/07/2021 at 01:30:00 PM at North County in N-27 Cynthia A. Freeland. | |
| 10 | 03/10/2021 | Ex Parte Application - Other and Supporting Documents (3/11) filed by TONER, DEBRA. | TONER, DEBRA (Plaintiff) |
| 11 | 03/10/2021 | Proposed Order (3/11) filed by TONER, DEBRA. | TONER, DEBRA (Plaintiff) |
| 12 | 03/11/2021 | Minutes finalized for Ex Parte heard 03/11/2021 08:30:00 AM. | |
| 13 | 03/11/2021 | Clerk's Certificate of Service By Mail (Minutes Only) SD generated. | |
| 14 | 03/16/2021 | Peremptory Challenge (GRANTED) filed by TONER, DEBRA. | TONER, DEBRA (Plaintiff) |
| 15 | 03/17/2021 | Case reassigned from Judge Freeland, Cynthia A. to Earl Maas effective 03/16/2021 | |
| 16 | 03/17/2021 | Civil Case Management Conference reassigned to Earl H. Maas for 01/28/2022 at 09:00:00 AM in N-28 at North County. | |
| 17 | 03/17/2021 | Civil Case Management Conference scheduled for 01/28/2022 at 09:00:00 AM at North County in N-28 Earl H. Maas. | |
| 18 | 03/17/2021 | The Civil Case Management Conference was rescheduled to 01/28/2022 at 10:00:00 AM in N-28 before Earl H. Maas at North County. | |
| 19 | 03/17/2021 | Civil Case Management Conference scheduled for 01/28/2022 at 10:00:00 AM at North County in N-28 Earl H. Maas. | |
| 20 | 03/17/2021 | Motion Hearing (Civil) reassigned to Earl H. Maas for 05/07/2021 at 01:30:00 PM in N-28 at North County. | |
| 21 | 03/17/2021 | Motion Hearing (Civil) scheduled for 05/07/2021 at 01:30:00 PM at North County in N-28 Earl H. Maas. | |
| 22 | 04/22/2021 | Motion Hearing (Civil) scheduled for 05/07/2021 at 01:30:00 PM at North County in N-28 Earl H. Maas was vacated. | |
| 23 | 06/11/2021 | Demurrer (10/15/2021) filed by The Bank of New York Mellon as Indenture Trustee on Behalf of the Holders of the CSMC Trust 2010-16 Mortgage-Backed Notes and Certificates Series 2010-16; Select Portfolio Services. | The Bank of New York Mellon as Indenture Trustee on Behalf of the Holders of the CSMC Trust 2010-16 Mortgage-Backed Notes and Certificates Series 2010-16 (Defendant); Select Portfolio Services (Defendant) |
| 24 | 06/11/2021 | Request for Judicial Notice (10/15/2021) filed by The Bank of New York Mellon as Indenture Trustee on Behalf of the Holders of the CSMC Trust 2010-16 Mortgage-Backed Notes and Certificates Series 2010-16; Select Portfolio Services. | The Bank of New York Mellon as Indenture Trustee on Behalf of the Holders of the CSMC Trust 2010-16 Mortgage-Backed Notes and Certificates Series 2010-16 (Defendant); Select Portfolio Services (Defendant) |
| 25 | 06/11/2021 | Declaration - Other (of Zachary H Fiene 10/15/2021) filed by The Bank of New York Mellon as Indenture Trustee on Behalf of the Holders of the CSMC Trust 2010-16 Mortgage-Backed Notes and Certificates Series 2010-16; Select Portfolio Services. | The Bank of New York Mellon as Indenture Trustee on Behalf of the Holders of the CSMC Trust 2010-16 Mortgage-Backed Notes and Certificates Series 2010-16 (Defendant); Select Portfolio Services (Defendant) |

| | | | |
|---|---|---|---|
| 26 | 06/11/2021 | Demurrer / Motion to Strike scheduled for 10/15/2021 at 01:30:00 PM at North County in N-28 Earl H. Maas. | |
| 27 | 06/11/2021 | Motion to Strike (10/15/2021) filed by The Bank of New York Mellon as Indenture Trustee on Behalf of the Holders of the CSMC Trust 2010-16 Mortgage-Backed Notes and Certificates Series 2010-16; Select Portfolio Services. | The Bank of New York Mellon as Indenture Trustee on Behalf of the Holders of the CSMC Trust 2010-16 Mortgage-Backed Notes and Certificates Series 2010-16 (Defendant); Select Portfolio Services (Defendant) |
| 28 | 06/11/2021 | Demurrer / Motion to Strike scheduled for 10/15/2021 at 01:30:00 PM at North County in N-28 Earl H. Maas. | |
| 29 | 09/15/2021 | Motion Hearing (Civil) scheduled for 10/22/2021 at 01:30:00 PM at North County in N-28 Earl H. Maas. | |
| 31 | 09/16/2021 | Motion to Expunge Lis Pendens (10/22/2021) filed by 3139 Mount Whitney Rd. Trust Dated 06/14/2021, U.S. Financial, LP as Trustee. | 3139 Mount Whitney Rd. Trust Dated 06/14/2021, U.S. Financial, LP as Trustee (Defendant) |
| 32 | 09/16/2021 | Memorandum of Points and Authorities (10/22/2021) filed by 3139 Mount Whitney Rd. Trust Dated 06/14/2021, U.S. Financial, LP as Trustee. | 3139 Mount Whitney Rd. Trust Dated 06/14/2021, U.S. Financial, LP as Trustee (Defendant) |
| 33 | 09/16/2021 | Request for Judicial Notice (10/22/2021) filed by 3139 Mount Whitney Rd. Trust Dated 06/14/2021, U.S. Financial, LP as Trustee. | 3139 Mount Whitney Rd. Trust Dated 06/14/2021, U.S. Financial, LP as Trustee (Defendant) |
| 34 | 09/16/2021 | Declaration - Other (of Rachael Callahan 10/22/2021) filed by 3139 Mount Whitney Rd. Trust Dated 06/14/2021, U.S. Financial, LP as Trustee. | 3139 Mount Whitney Rd. Trust Dated 06/14/2021, U.S. Financial, LP as Trustee (Defendant) |
| 35 | 09/16/2021 | Declaration - Other (of Donald R Rady 10/22/2021) filed by 3139 Mount Whitney Rd. Trust Dated 06/14/2021, U.S. Financial, LP as Trustee. | 3139 Mount Whitney Rd. Trust Dated 06/14/2021, U.S. Financial, LP as Trustee (Defendant) |
| 36 | 09/16/2021 | Proposed Order (10/22/2021) submitted by 3139 Mount Whitney Rd. Trust Dated 06/14/2021, U.S. Financial, LP as Trustee received but not filed on 09/16/2021. | 3139 Mount Whitney Rd. Trust Dated 06/14/2021, U.S. Financial, LP as Trustee (Defendant) |
| 37 | 09/16/2021 | Proof of Service filed by 3139 Mount Whitney Rd. Trust Dated 06/14/2021, U.S. Financial, LP as Trustee. | 3139 Mount Whitney Rd. Trust Dated 06/14/2021, U.S. Financial, LP as Trustee (Defendant) |
| 38 | 09/24/2021 | Joinder to Motion and Supporting Declarations (10/22/2021) filed by Select Portfolio Services; The Bank of New York Mellon as Indenture Trustee on Behalf of the Holders of the CSMC Trust 2010-16 Mortgage-Backed Notes and Certificates Series 2010-16. | Select Portfolio Services (Defendant); The Bank of New York Mellon as Indenture Trustee on Behalf of the Holders of the CSMC Trust 2010-16 Mortgage-Backed Notes and Certificates Series 2010-16 (Defendant) |
| 39 | 10/04/2021 | Demurrer / Motion to Strike scheduled for 10/15/2021 at 01:30:00 PM at North County in N-28 Earl H. Maas was vacated. | |
| 40 | 10/01/2021 | Amended Complaint (***First Amended***) filed by TONER, DEBRA. Refers to: Select Portfolio Services; The Bank of New York Mellon as Indenture Trustee on Behalf of the Holders of the CSMC Trust 2010-16 Mortgage-Backed Notes and Certificates Series 2010-16; Holders of the CSMC Trust 2010-16 Mortgage-Backed Notes and Certificates Series 2010-16 | TONER, DEBRA (Plaintiff) |

| | | | |
|---|---|---|---|
| 41 | 10/04/2021 | Notice - Other (Notice RE Withdrawal of Demurrer and Motion to Strike) filed by Select Portfolio Services; The Bank of New York Mellon as Indenture Trustee on Behalf of the Holders of the CSMC Trust 2010-16 Mortgage-Backed Notes and Certificates Series 2010-16. | Select Portfolio Services (Defendant); The Bank of New York Mellon as Indenture Trustee on Behalf of the Holders of the CSMC Trust 2010-16 Mortgage-Backed Notes and Certificates Series 2010-16 (Defendant) |
| 42 | 10/08/2021 | Opposition to Noticed Motion and Supporting Declarations filed by TONER, DEBRA. | TONER, DEBRA (Plaintiff) |
| 43 | 10/08/2021 | Declaration - Other filed by TONER, DEBRA. | TONER, DEBRA (Plaintiff) |
| 44 | 10/12/2021 | Demurrer / Motion to Strike scheduled for 10/15/2021 at 01:30:00 PM at North County in N-28 Earl H. Maas was vacated. | |
| 45 | 10/18/2021 | Reply to Opposition - Other (10/22/21) filed by 3139 Mount Whitney Rd. Trust Dated 06/14/2021. | 3139 Mount Whitney Rd. Trust Dated 06/14/2021 (Claimant) |
| 46 | 10/18/2021 | Declaration - Other (10/22/21) filed by 3139 Mount Whitney Rd. Trust Dated 06/14/2021. | 3139 Mount Whitney Rd. Trust Dated 06/14/2021 (Claimant) |
| 47 | 10/18/2021 | Notice of Intent to Appear Telephonically (10/22/21) filed by 3139 Mount Whitney Rd. Trust Dated 06/14/2021. | 3139 Mount Whitney Rd. Trust Dated 06/14/2021 (Claimant) |
| 48 | 10/21/2021 | Tentative Ruling for Motion Hearing (Civil) published. | |
| 49 | 10/18/2021 | Proof of Service filed by 3139 Mount Whitney Rd. Trust Dated 06/14/2021, U.S. Financial, LP as Trustee. | 3139 Mount Whitney Rd. Trust Dated 06/14/2021, U.S. Financial, LP as Trustee (Defendant) |
| 50 | 10/22/2021 | Minutes finalized for Motion Hearing (Civil) heard 10/22/2021 01:30:00 PM. | |
| 51 | 10/22/2021 | Notice of Withdrawal of Pendency of Action filed by TONER, DEBRA. | TONER, DEBRA (Plaintiff) |
| 52 | 11/01/2021 | Motion Hearing (Civil) scheduled for 12/10/2021 at 01:30:00 PM at North County in N-28 Earl H. Maas. | |
| 53 | 11/02/2021 | Declaration - Other filed by Select Portfolio Services; The Bank of New York Mellon as Indenture Trustee on Behalf of the Holders of the CSMC Trust 2010-16 Mortgage-Backed Notes and Certificates Series 2010-16. | Select Portfolio Services (Defendant); The Bank of New York Mellon as Indenture Trustee on Behalf of the Holders of the CSMC Trust 2010-16 Mortgage-Backed Notes and Certificates Series 2010-16 (Defendant) |
| 54 | 11/01/2021 | Motion for Reconsideration (12/10/2021) filed by TONER, DEBRA. | TONER, DEBRA (Plaintiff) |
| 55 | 11/01/2021 | Proposed Order (12/10/2021) submitted by TONER, DEBRA received but not filed on 11/01/2021. | TONER, DEBRA (Plaintiff) |
| 56 | 11/01/2021 | Declaration - Other (12/10/2021) filed by TONER, DEBRA. | TONER, DEBRA (Plaintiff) |
| 57 | 11/12/2021 | Opposition to Noticed Motion and Supporting Declarations (12/10/2021) filed by 3139 Mount Whitney Rd. Trust Dated 06/14/2021, U.S. Financial, LP as Trustee. | 3139 Mount Whitney Rd. Trust Dated 06/14/2021, U.S. Financial, LP as Trustee (Defendant) |
| 58 | 11/12/2021 | Request for Judicial Notice (12/10/2021) filed by 3139 Mount Whitney Rd. Trust Dated 06/14/2021, U.S. Financial, LP as Trustee. | 3139 Mount Whitney Rd. Trust Dated 06/14/2021, U.S. Financial, LP as Trustee (Defendant) |
| 59 | 11/12/2021 | Notice of Intent to Appear Telephonically filed by 3139 Mount Whitney Rd. Trust Dated 06/14/2021, U.S. Financial, LP as Trustee. | 3139 Mount Whitney Rd. Trust Dated 06/14/2021, U.S. Financial, LP as Trustee (Defendant) |
| 60 | 11/16/2021 | Proof of Service (1210/21) filed by 3139 Mount Whitney Rd. Trust Dated 06/14/2021, U.S. Financial, LP as Trustee. | 3139 Mount Whitney Rd. Trust Dated 06/14/2021, U.S. Financial, LP as Trustee (Defendant) |

| 61 | 11/16/2021 | Proof of Service (12/10/21) filed by 3139 Mount Whitney Rd. Trust Dated 06/14/2021, U.S. Financial, LP as Trustee. | 3139 Mount Whitney Rd. Trust Dated 06/14/2021, U.S. Financial, LP as Trustee (Defendant) |
|---|---|---|---|
| 62 | 11/17/2021 | Proof of Service filed by 3139 Mount Whitney Rd. Trust Dated 06/14/2021. | 3139 Mount Whitney Rd. Trust Dated 06/14/2021 (Claimant) |
| 63 | 12/02/2021 | Demurrer / Motion to Strike scheduled for 04/01/2022 at 01:30:00 PM at North County in N-28 Earl H. Maas. | |
| 64 | 12/02/2021 | Demurrer (4/1/2022) filed by Select Portfolio Services; The Bank of New York Mellon as Indenture Trustee on Behalf of the Holders of the CSMC Trust 2010-16 Mortgage-Backed Notes and Certificates Series 2010-16. | Select Portfolio Services (Defendant); The Bank of New York Mellon as Indenture Trustee on Behalf of the Holders of the CSMC Trust 2010-16 Mortgage-Backed Notes and Certificates Series 2010-16 (Defendant) |
| 65 | 12/02/2021 | Request for Judicial Notice (ISO Demurrer [4/1/2022]) filed by Select Portfolio Services; The Bank of New York Mellon as Indenture Trustee on Behalf of the Holders of the CSMC Trust 2010-16 Mortgage-Backed Notes and Certificates Series 2010-16. | Select Portfolio Services (Defendant); The Bank of New York Mellon as Indenture Trustee on Behalf of the Holders of the CSMC Trust 2010-16 Mortgage-Backed Notes and Certificates Series 2010-16 (Defendant) |
| 66 | 12/02/2021 | Declaration - Other (Declaration of Zachary J. Fiene RE Meet and Confer ISO Demurrer [4/1/2022]) filed by Select Portfolio Services; The Bank of New York Mellon as Indenture Trustee on Behalf of the Holders of the CSMC Trust 2010-16 Mortgage-Backed Notes and Certificates Series 2010-16. | Select Portfolio Services (Defendant); The Bank of New York Mellon as Indenture Trustee on Behalf of the Holders of the CSMC Trust 2010-16 Mortgage-Backed Notes and Certificates Series 2010-16 (Defendant) |
| 67 | 12/02/2021 | Motion Hearing (Civil) scheduled for 04/01/2022 at 01:30:00 PM at North County in N-28 Earl H. Maas. | |
| 68 | 12/02/2021 | Motion to Strike (4/1/2022) filed by Select Portfolio Services; The Bank of New York Mellon as Indenture Trustee on Behalf of the Holders of the CSMC Trust 2010-16 Mortgage-Backed Notes and Certificates Series 2010-16. | Select Portfolio Services (Defendant); The Bank of New York Mellon as Indenture Trustee on Behalf of the Holders of the CSMC Trust 2010-16 Mortgage-Backed Notes and Certificates Series 2010-16 (Defendant) |

EXHIBIT 14

1  RACHAEL CALLAHAN, ESQ. (SBN: 275627)
2  CALLAHAN FIRM APC
   10509 SAN DIEGO MISSION ROAD, SUITE A
3  SAN DIEGO, CA 92108
   TEL: (619) 299-1761
4  FAX: (619) 297-9724

5  Attorney for Plaintiff(s), 3139 MOUNT WHITNEY RD. TRUST
6  DATED 06/14/2021, U.S. FINANCIAL, L.P., AS TRUSTEE

7

8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
10                       **COUNTY OF SAN DIEGO**
                           **CENTRAL DIVISION**
11

| | |
|---|---|
| 12  3139 MOUNT WHITNEY RD. TRUST<br>DATED 06/14/2021, U.S. FINANCIAL, L.P.,<br>13  AS TRUSTEE, | Case No.:   37-2021-00037475-CL-UD-CTL |
| 14              Plaintiff(s), | LIMITED JURISDICTION<br><br>VERIFIED COMPLAINT FOR<br>UNLAWFUL DETAINER |
| 15       vs. | [Action based on Code of Civil Procedure<br>Section 1161a] |
| 16  DEBRA TONER; KEVIN P. CAREY;<br>RICHARD L. STANLEY AKA RICHARD<br>17  STANLEY; and DOES 1-10, | [**Amount in controversy does not exceed<br>$10,000**] |
| 18              Defendant(s) | |

19

20        Plaintiff 3139 MOUNT WHITNEY RD. TRUST DATED 06/14/2021, U.S. FINANCIAL, L.P.,

21  AS TRUSTEE (hereinafter "Plaintiff") alleges causes of action against Defendants DEBRA TONER;

22  KEVIN P. CAREY; RICHARD L. STANLEY AKA RICHARD STANLEY (hereinafter "Defendant")

23  and DOES 1-10 as follows:

24                                    **I.**

25              **FIRST CAUSE OF ACTION FOR UNLAWFUL DETAINER**

26        1.       Plaintiff is a limited partnership duly organized and existing under the laws of the

27  State of California, as trustee for 3139 MOUNT WHITNEY RD. TRUST DATED 06/14/2021.

28  Plaintiff is, and at all times herein mentioned was, authorized to do business in the State of California.

---

                                        1
                 **VERIFIED COMPLAINT FOR UNLAWFUL DETAINER**

2.      Plaintiff's interest in the premises is as owner.

3.      Plaintiff is informed and believes, and thereon alleges that the Defendant(s) is/are in possession of the real property, which is the subject of this action.

4.      The true names and capacities of defendants sued herein as Does 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said defendants by such fictitious names. Plaintiff will seek leave of court to amend the Complaint to allege their true names and capacities when the same are fully ascertained.

5.      Plaintiff is informed and believes, and thereon alleges, that each of the defendants is, and at all times herein mentioned was, the agent or employee of each of the remaining defendants and in doing the things herein alleged, was acting within the course and scope of such agency or employment.  Plaintiff is informed and believes, and thereon alleges, that each of the defendants ratified, approved and accepted the benefits of the acts of each of the remaining defendants with full knowledge of the nature and effect of such acts.

6.      The real property, which is the subject of this action, is located at: 3139 MOUNT WHITNEY ROAD, ESCONDIDO, CA 92029, SAN DIEGO COUNTY.  Said real property shall hereinafter be referred to as the "subject property".  The subject property is within the geographical area for venue of the above-entitled court.

7.      On or about 06/14/2021, Plaintiff purchased the subject property at a trustee's sale conducted pursuant to a power of sale in a deed of trust in which the Defendant(s), and each of them, excepting the fictitiously named doe defendants, were the trustors on the underlying deed of trust and former owners of the subject property.

8.      Plaintiff is informed and believes, and thereon alleges that the nonjudicial foreclosure process leading up to said trustee's sale was conducted in compliance with the provisions of *California Civil Code, Section 2924.*

9.      Plaintiff duly perfected title to the subject property per CCP §2924h(c) and the Trustee's Deed Upon Sale was recorded on 08/03/2021.

10.     Plaintiff was a bona fide purchaser for value without notice of any defects in the nonjudicial foreclosure process.

**VERIFIED COMPLAINT FOR UNLAWFUL DETAINER**

11.     Specifically, Plaintiff was not the foreclosing beneficiary under the deed of trust leading to said trustee's sale, has, and at all times herein mentioned had no notice of any claimed professed defects in the nonjudicial foreclosure process, if any, and paid valuable consideration for the subject property.

12.     To Plaintiff's knowledge the Defendant(s) has/have never tendered payment of funds to reinstate the underlying note secured by deed of trust.

13.     The trustee's deed upon sale recites that all statutory formalities leading up to the nonjudicial foreclosure sale were properly complied with.

14.     Plaintiff is informed and believes, and thereon alleges that all statutory requirements for publication and giving notice of the notice of default and election to sell, and of the notice of trustee's sale, in relation to said nonjudicial process, were duly complied with.

15.     On or about 08/28/2021, Plaintiff caused to be served on the Defendant(s), and upon all persons claiming any right to possession of the subject property, a notice to quit (hereinafter the "notice"), a copy of which is attached hereto and incorporated herein by reference as **Exhibit 1** as though fully set forth herein.

16.     The notice was served in compliance with the requirements of California Code of Civil Procedure, Section 1162 by leaving a copy with Tony: White male, 5'10", 140lbs, dark short hair, a person of suitable age and discretion, on 08/28/2021 at the subject property AND by posting a copy on the subject property on 08/28/2021 and mailing a copy to Defendant(s) at the subject property on 08/28/2021.

17.     An original or certified copy of the trustee's deed upon sale by which Plaintiff acquired and duly perfected the title to the subject property shall be produced at trial.

18.     The period stated in the notice expired on 08/31/2021, and the Defendant(s), at all times since expiration of the notice until the present, has/have remained in possession of the subject property without Plaintiff's permission or consent.

19.     Plaintiff is informed and believes and thereon alleges that the fair rental value of the subject property is, and at all times since expiration of the notice, the sum of $4,600.00 per month, or $<u>153.33</u> per day.  Plaintiff is informed and believes, and thereon alleges that Plaintiff is entitled to an

**VERIFIED COMPLAINT FOR UNLAWFUL DETAINER**

1  award of damages for such fair rental value for the period commencing with expiration of the notice

2  up through entry of judgment, in a total sum according to proof.

3  **II.  CONCLUSION**

4  Plaintiff prays for judgment as follows:

5  1.  For restitution and possession of the subject property located at: 3139 MOUNT

6  WHITNEY ROAD, ESCONDIDO, CA 92029, SAN DIEGO COUNTY.

7  2.  For daily rental value damages for the period commencing 09/01/2021, through the date

8  of entry of judgment at the rate of $153.33 per day;

9  3.  For costs of suit incurred herein; and

10  4.  For such other and further relief as this Court may deem proper and just.

11

12  Date:   09/01/21

13  RACHAEL CALLAHAN, Attorney for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VERIFIED COMPLAINT FOR UNLAWFUL DETAINER**

**<u>VERIFICATION</u>**

I, the undersigned, certify and declare that I have read the foregoing Complaint for Unlawful Detainer and know its contents.  The statements following the checked statements are applicable.

1.　　　I am ☐ party to this action (or) ☐ an Officer (or) ☐ a partner (or) ☐ a member (or)

☑ an agent of the Plaintiff and am authorized to make this verification.

☑ I make this verification instead of the named Plaintiff(s) in this action because

☑ I have greater knowledge of the facts than the party to this action and/or ☐ the party to this action is unavailable to verification this complaint and/or ☐ (additional reason(s))_____

_____.

2.　　　☑ (For Party or Agent with Personal Knowledge) The allegations in this pleading are true of my own knowledge, except as to the matters which are therein stated on my information and belief.

☐ (For Officer/Member) I have read the pleading and I am informed and believe that the matters therein are true, and on that ground, I allege that the matters stated therein are true.

3.　　　The Notice(s) that the Complaint is based upon is(are):

☐ 3-day notice(s) ☐ 30-Day Notice ☐ 60-day Notice ☐ 90-day Notice

☑ Other  3/90 Foreclosure Notice to Quit_____.

The daily damage value is $ 153.33_____.

The Property Address is  3139 Mount Whitney Road, Escondido, CA 92029_____, San Diego County.

4.　　　I request that a facsimile signature be accepted and admissible as original pursuant to California Rule of Court 2.305(d).

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct to the best of my knowledge.

I execute this verification on  09/01/21_____, at  San Diego_____, California.

_____
Don Rady

**VERIFICATION OF THE COMPLAINT**

**EXHIBIT 1**

### COVER SHEET TO
### 3/90 FORECLOSURE NOTICE TO QUIT

Notice to Any Renters Living at **3139 Mount Whitney Road, Escondido, CA 92029, SAN DIEGO COUNTY**

Attached hereto is a 3/90 Foreclosure Notice to Quit that is being served on you pursuant to Code of Civil Procedure § 1161-1166.

The attached notice means that your home was recently sold in a foreclosure and the new owner plans to evict you.

You should talk to a lawyer NOW to determine what your rights are. You may receive court papers in a few days. If your name is on the papers, it may hurt your credit if you do not respond and/or simply move out.

Also, if you do not respond within three days of receiving the papers, **even if you are not named in the papers**, you will likely lose any rights you may have. In some cases, you can respond without hurting your credit. You should ask a lawyer about it.

You may have the right to stay in your home for 90 days or longer, regardless of any deadlines stated on any attached papers. In some cases, and in some cities with a "just cause for eviction law" you may not have to move at all. But you must take the proper legal steps in order to protect your rights.

How to Get Legal Help:

If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services internet website (ww.lawhelpca.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

## 3/90-FORECLOSURE NOTICE TO QUIT

**TO:  Debra Toner; Kevin P. Carey; Richard L. Stanley aka Richard Stanley**

**AND ALL OCCUPANTS RESIDING AT:**

**Property Address: 3139 Mount Whitney Road, Escondido, CA 92029, San Diego County**

**NOTICE IS HEREBY GIVEN THAT: 3139 Mount Whitney Rd. Trust Dated 06/14/2021, U.S. Financial, L.P., as Trustee** ("Beneficiary/Trustee"), or its successor in interest, purchased the property located at **3139 Mount Whitney Road, Escondido, CA 92029, SAN DIEGO COUNTY** ("The Premises") at a foreclosure sale held in accordance with California Civil Code § 2924 and pursuant to the power of sale contained in a Deed of Trust recorded in the Official Records of San Diego County, and that title to the Premises is duly perfected in San Diego County.

**NOTICE IS FURTHER GIVEN THAT:**

**1.**     Within three (3) days after service on you of this Notice, if you are the Trustor(s) of the Deed of Trust described above, or successor in interest to said Trustor(s), or any person who is not a bona fide tenant or subtenant; or

**2.**     Within ninety (90) days after service on you of this Notice, in the event you are a bona fide tenant or subtenant of the Trustor(s) of the Deed of Trust described above, or a bona fide tenant or subtenant of a successor in interest to said Trustor(s): You are required to vacate and surrender possession of the Premises, or the portion in which you reside to **3139 Mount Whitney Rd. Trust Dated 06/14/2021, U.S. Financial, L.P., as Trustee.**

**3.**     If you believe you have a right to remain in possession of the property, please immediately provide evidence to the undersigned party listed herein including a copy of the lease agreement and evidence of your rental payments for at least the past 4 months.

**If within the applicable period as set forth above, EITHER you fail to surrender possession OR fail to provide the requested evidence, action may be taken against you. Please see Page 4 Addendum of this Notice for instructions on how to deliver this evidence.**

2

PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 415.46 AND 1161b, demand is hereby made that if you believe you are a tenant with a bona fide lease pursuant to the above referenced law, you must contact the new owner at the address listed below and produce a copy of the lease, proof of payment of the rent for at least the past four months. Failure to exercise your potential legal rights may result in legal action for possession of the property, the rent, late fees, court costs and attorney fees as permitted by law.

You should talk to a lawyer NOW to see what your rights are. You may receive court papers in a few days. If your name is on the papers, it may hurt your credit if you do not respond and/or simply move out. Also, if you do not respond within three days of receiving the papers, even if you are not named in the papers, you may lose any rights you may have. In some cases, you can respond without hurting your credit.  You should talk to a lawyer about it.

This Notice is given to you under the provisions of section 702 of the "Protecting Tenants at Foreclosure Act of 2009" adopted in full by California Code of Civil Procedure 1161(b), and pursuant to Code of Civil Procedure §§ 1161, 1161a and 1161b.

**This notice also constitutes a notice of non-renewal of any lease applicable to the Premises. For turning over possession or for any questions regarding the sale and/or property please contact Don Rady, agent for the Owner, 3139 Mount Whitney Rd. Trust Dated 06/14/2021, U.S. Financial, L.P., as Trustee at (858) 246-6007.**

Dated: August 27, 2021

Don Rady
Agent for the Owner

3

## ADDENDUM TO NOTICE TO QUIT

**TENANT INFORMATION THAT MUST BE PROVIDED IF YOU CLAIM YOU ARE A BONA FIDE TENANT ENTITLED TO PROTECTION BY THE TENANTS IN FORECLOSURE ACT**

**IF YOU ARE A TENANT of the prior owner, you must provide the following document:**

- **A copy of your lease**
- **A return phone number and hours to reach you**
- The receipts for the last four (4) payments made to the landlord of the property located at **3139 Mount Whitney Road, Escondido, CA 92029, SAN DIEGO COUNTY**

by mail, fax, or in person to:

Don Rady, agent for the Owner
c/o Value Real Estate
1919 Grand Avenue, Suite 2F
San Diego, CA 92109
Office: (858) 246-6007
Fax: (858) 408-4291


Dated: August 27, 2021


Don Rady
Agent for the Owner

4

CP10.5

**NOTICE:** **EVERYONE WHO LIVES IN THIS RENTAL UNIT MAY BE EVICTED BY COURT ORDER. READ THIS FORM IF YOU LIVE HERE AND IF YOUR NAME IS NOT ON THE ATTACHED SUMMONS AND COMPLAINT.**

1. If you live here and you do not complete and submit this form, you may be evicted without further hearing by the court along with the persons named in the Summons and Complaint.
2. You must file this form within 10 days of the date of service listed in the box on the right hand side of this form.
   - **Exception:** If you are a tenant being evicted after your landlord lost the property to foreclosure, the 10-day deadline does not apply to you and you may file this form at any time before judgment is entered.
3. If you file this form, your claim will be determined in the eviction action against the persons named in the complaint.
4. If you do not file this form, you may be evicted without further hearing.
5. If you are a tenant being evicted due to foreclosure, you have additional rights and should seek legal advice immediately.

| | |
|---|---|
| CLAIMANT OR CLAIMANT'S ATTORNEY *(Name and Address)*:          TELEPHONE NO.:<br><br><br><br><br><br>ATTORNEY FOR *(Name)*: | *FOR COURT USE ONLY* |
| **NAME OF COURT:** Superior Court of California, San Diego<br>STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: Central Division | |
| Plaintiff: 3139 Mount Whitney Rd. Trust Dated 06/14/2021, U.S. Financial, L.P., as Trustee<br>Defendant: Debra Toner; Kevin P. Carey; Richard L. Stanley aka Richard Stanley; and DOES 1-10 | |

| | |
|---|---|
| **PREJUDGMENT CLAIM OF RIGHT TO POSSESSION** | CASE NUMBER: |
| **Complete this form only if ALL of these statements are true:**<br>**1. You are NOT named in the accompanying Summons and Complaint.**<br>**2. You occupied the subject premises on or before the date the unlawful detainer (eviction) complaint was filed. (The date is in the accompanying Summons and Complaint.)**<br>**3. You still occupy the subject premises.** | *(To be completed by the process server)*<br>DATE OF SERVICE:<br>*(Date that form is served or delivered, posted, and mailed by the officer or process server)* |

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:

1. My name is *(specify)*:
2. I reside at *(street address, unit no., city and ZIP code)*:


3. The address of "the premises" subject to this claim is *(address)*:


4. On *(insert date)*:                                    , the landlord or the landlord's authorized agent filed a complaint to recover possession of the premises. *(This date is in the accompanying Summons and Complaint.)*
5. I occupied the premises on the date the complaint was filed *(the date in item 4)*. I have continued to occupy the premises ever since.
6. I was at least 18 years of age on the date the complaint was filed *(the date in item 4)*.
7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed *(the date in item 4)*.
8. I was not named in the Summons and Complaint.
9. I understand that if I make this claim of possession, I will be added as a defendant to the unlawful detainer (eviction) action.
10. *(Filing fee)* I understand that I must go to the court and pay a filing fee of   $                      or file with the court an "Application for Waiver of Court Fees and Costs."  I understand that if I don't pay the filing fee or file the form for waiver of court fees, I will not be entitled to make a claim of right to possession.

*(Continued on reverse)*

| | | |
|---|---|---|
| CP10.5 [Rev. June 15, 2015] | **PREJUDGMENT CLAIM OF RIGHT TO POSSESSION** | Code of Civil Procedure, §§ 415.46,<br>715.010, 715.020, 1174.25 |

CP10.5

| Plaintiff: 3139 Mount Whitney Rd. Trust Dated 06/14/2021, U.S. Financial, L.P., as Trustee | CASE NUMBER: |
|---|---|
| Defendant: Debra Toner; Kevin P. Carey; Richard L. Stanley aka Richard Stanley; and DOES 1-10 | |

11. If my landlord lost this property to foreclosure, I understand that I can file this form at any time before judgment is entered, and that I have additional rights and should seek legal advice.

12. I understand that I will have *five days* (excluding court holidays) to file a response to the Summons and Complaint after I file this Prejudgment Claim of Right to Possession form.

> **NOTICE: If you fail to file this claim, you may be evicted without further hearing.**

13. **Rental agreement. I have** *(check all that apply to you)*:

    a. ☐ an oral or written rental agreement with the landlord.

    b. ☐ an oral or written rental agreement with a person other than the landlord.

    c. ☐ an oral or written rental agreement with the former owner who lost the property to foreclosure.

    d. ☐ other *(explain)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

> WARNING: Perjury is a felony punishable by imprisonment in the state prison.

Date: _____

_____          ► _____
(TYPE OR PRINT NAME)                                              (SIGNATURE OF CLAIMANT)

> **NOTICE:** If you file this claim to possession, the unlawful detainer action against you will be determined at trial. At trial, you may be found liable for rent, costs, and, in some cases, treble damages.

---

### — NOTICE TO OCCUPANTS —

**YOU MUST ACT AT ONCE if all the following are true:**

    1. You are NOT named in the accompanying Summons and Complaint.
    2. You occupied the premises on or before the date the unlawful detainer (eviction) complaint was filed.
    3. You still occupy the premises.

You can complete and SUBMIT THIS CLAIM FORM WITHIN 10 DAYS from the date of service (on the form) at the court where the unlawful detainer (eviction) complaint was filed. If you are a tenant and your landlord lost the property you occupy through foreclosure, this 10-day deadline does not apply to you. You may file this form at any time before judgment is entered. You should seek legal advice immediately.

If you do not complete and submit this form (and pay a filing fee or file a fee waiver form if you cannot pay the fee), YOU WILL BE EVICTED.

After this form is properly filed, you will be added as a defendant in the unlawful detainer (eviction) action and your right to occupy the premises will be decided by the court. *If you do not file this claim, you may be evicted without a hearing.*

---

EXHIBIT 15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 3139 MOUNT WHITNEY RD. TRUST DATED 06/14/2021, <br><br> Plaintiff, <br><br> v. <br><br> DEBRA TONER, et al., <br><br> Defendants. | Case No. 21-cv-1845-MMA (AGS) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** <br><br> [Doc. No. 4] |

On September 1, 2021, Plaintiff 3139 Mount Whitney Rd. Trust Dated 06/14/2021, U.S. Financial, L.P., as Trustee ("Plaintiff") initiated an unlawful detainer action against Defendants Debra Toner, Kevin P. Carey, Richard L. Stanley, and other unascertained defendants (collectively, the "UD Defendants") in the Superior Court of California, County of San Diego (the "UD Action"). Doc. No. 1-2 ("State Ct. Compl."). On November 1, 2021, Debra Toner ("Defendant"), preceding *pro se*, filed a notice of removal to this Court. Doc. No. 1 ("Notice of Removal"). Plaintiff now moves to remand the UD Action back to state court. Doc. No. 4. Defendant filed an opposition, to which Plaintiff replied. *See* Doc. Nos. 5, 7. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule

7.1.d.1.  *See* Doc. No. 8.  For the reasons set forth below, the Court **GRANTS** Plaintiff's motion to remand.

## I. BACKGROUND

Plaintiff alleges it is the owner of the subject property located at 3139 Mount Whitney Road, Escondido, California 92029, following a non-judicial foreclosure sale.[1] State Ct. Compl. at 5.[2]  Plaintiff maintains that it "was a bona fide purchaser for value without notice of any defects in the nonjudicial foreclosure process." *Id.*  Plaintiff further asserts that on August 28, 2021, Plaintiff served a notice to quit on the UD Defendants and upon all persons claiming any right to possession of the subject property. *Id.* at 6. Nonetheless, Plaintiff states that "since expiration of the notice [to quit] until the present, [the UD Defendants] has/have remained in possession of the subject property without Plaintiff's permission or consent." *Id.*  Thus, Plaintiff initiated the UD Action pursuant to California Code of Civil Procedure § 1161.  *See id.*  On November 1, 2021, Defendant removed the UD Action to this Court.  *See* Notice of Removal.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "They possess only that power authorized by Constitution and statute." *Id.*  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citing *California ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979)).  The party seeking federal jurisdiction bears the burden to establish jurisdiction. *Kokkonen*, 511 U.S. at 377 (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S 178, 182–83 (1936)).  Generally, subject matter

---

[1] Plaintiff's motion for remand states the subject property is instead located at 3235 Byron Street, San Diego, California 92106.  Doc. No. 4-1 at 2.  This appears to be a typographical error.
[2] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332.

28 U.S.C. § 1441(a) provides for removal of a civil action from state to federal court if the case could have originated in federal court. The removal statute is construed strictly against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

### III. DISCUSSION

Defendant removed the UD Action to this Court pursuant to 28 U.S.C. §§ 1441 and 1443. Notice of Removal at 5. She asserts removal was proper on several grounds. The Court considers each in turn.

**A.    Removal Jurisdiction Under 28 U.S.C. § 1441**

A defendant may remove a civil action from state to federal court if the case could have originated in federal court. 28 U.S.C. § 1441(a). Subject matter jurisdiction is generally based upon the presence of a federal question or on complete diversity between parties. *See* 28 U.S.C. §§ 1331, 1332. According to Defendant, removal was proper because the Court has subject matter jurisdiction pursuant to both federal question and diversity jurisdiction. *See* Notice of Removal at 4, 12, 13. Plaintiff argues the case was improperly removed and should be remanded pursuant to 28 U.S.C. § 1447(c) because the Court lacks subject matter jurisdiction over the action. *See* Doc. No. 4-1 at 7. Namely, Plaintiff asserts that there is no federal question presented on the complaint's face, no diversity between parties, and the complaint states the amount in "controversy [is] between $10,000 and $25,000." *Id.* at 7.

*1.    Federal Question Jurisdiction*

Pursuant to 28 U.S.C. § 1331, a federal district court has jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-

1   pleaded complaint rule,' which provides that federal jurisdiction exists only when a

2   federal question is presented on the face of the plaintiff's properly pleaded complaint."

3   *Caterpillar Inc. v. Williams*, 482 U.S. 386, 388 (1987).  "[A] case may not be removed to

4   federal court on the basis of a federal defense, . . . even if the defense is anticipated in the

5   plaintiff's complaint, and even if both parties admit that the defense is the only question

6   truly at issue in the case."  *Franchise Tax Bd. of Ca. v. Constr. Laborers Vacation Tr. for*

7   *S. Ca.*, 463 U.S. 1, 14 (1983); *see also Rivet v. Regions Bank of La.*, 522 U.S. 470, 478

8   (1998).  A defendant's claims or defenses that a plaintiff has violated a federal statute

9   cannot serve as a basis for federal question jurisdiction.  *Takeda v. Nw. Nat. Life Ins. Co.*,

10  765 F.2d 815, 822 (9th Cir. 1985).  "[T]he fact that a federal statute has been violated and

11  some person harmed does not automatically give rise to a private cause of action in favor

12  of that person."  *Cannon v. University of Chicago*, 441 U.S. 677, 688 (1979).

13      Here, a review of the UD Action complaint reveals a single unlawful detainer

14  claim against the UD Defendants under California state law.  *See* State Ct. Compl. at 7.

15  Thus, it is plain that the UD Action is based solely on state law, specifically California

16  Code of Civil Procedure § 1161.[3]  Accordingly, Plaintiff's complaint does not present a

17  federal question of law that would provide this Court with subject matter jurisdiction over

18  the matter.

19      While Defendant generally asserts that the UD Action is properly removable, she

20  sets forth no cognizable basis for federal question jurisdiction in her notice of removal.

21  Even liberally construing Defendant's notice of removal, any purported federal rights or

22  claims would be defenses and potential counterclaims against Plaintiff.  However, neither

23  defenses nor counterclaims are considered in evaluating whether a federal question

24

25

26

---

27  [3] Section 1161 provides in relevant part, "[a] tenant of real property . . . is guilty of unlawful detainer . . .

28  [w]hen the tenant continues in possession, in person or by subtenant, of the property, or any part thereof, after the expiration of the term for which it is let to the tenant."

1    appears on the face of a plaintiff's complaint.  As such, Defendant's allegations do not

2    establish federal question jurisdiction under 28 U.S.C. § 1331.

3              2.       *Diversity Jurisdiction*

4              Pursuant to 28 U.S.C. § 1332, a federal district court has jurisdiction over "all civil

5    actions where the matter in controversy exceeds the sum or value of $75,000, exclusive

6    of interest and costs," and the dispute is between citizens of different states.  28 U.S.C.

7    § 1332(a)(1).  The Supreme Court has interpreted section 1332 to require "complete

8    diversity of citizenship," meaning each plaintiff must be diverse from each defendant.

9    *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).  If a matter is removable solely on

10   the basis of diversity jurisdiction pursuant to section 1332, the action may not be

11   removed if any properly joined and served defendant is a citizen of the forum state.  *See*

12   28 U.S.C. § 1441(b)(2).

13             Here, there is no diversity between the parties and the amount in controversy

14   requirement has not been met.  Plaintiff is a trust, and the trustee is a citizen of California.

15   *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (2006) ("A trust has

16   the citizenship of its trustee or trustees." (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458,

17   464 (1980))).  Defendant admits she is also a citizen of California because the property at

18   issue in this case is her primary dwelling and she continues to reside there.  Additionally,

19   the face of the complaint clearly demonstrates that Plaintiff seeks damages in an amount

20   less than $10,000 and provides for specific money damages in the prayer for judgment.

21   *See* State Ct. Compl. 4, 6–7.  Therefore, the Court does not have diversity jurisdiction

22   over the matter.

23             And in any event, under 28 U.S.C. § 1441(b), removal is permitted in diversity

24   cases only when "none of the parties in interest is properly joined and served as

25   defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).

26   Such is not the case here as Defendant is a citizen of California.  Accordingly, removal

27   was also improper on this basis.

28

Therefore, because there is neither diversity nor federal question jurisdiction, the Court finds that it lacks subject matter jurisdiction over the action and, thus, that removal was improper under 28 U.S.C. § 1441.

**B.    "Civil Rights Removal" Pursuant to 28 U.S.C. § 1443**

Defendant also contends that "civil rights removal" is proper pursuant to 28 U.S.C. § 1443.  Notice of Removal at 8–10.  To that end, Defendant asserts Plaintiff is violating "her Constitutional Right to Due Process, to protect her home, and principal dwelling place and claims to ownership of, in, and relating to [the] real property [at issue]." *Id.* at 2, 4, 13; *see also* Doc. No. 7. at 6, 8.  Plaintiff argues that civil rights removal is inapplicable here because the action is based on state law unrelated to racial equality. Doc. No. 4-1 at 8.

Pursuant to 28 U.S.C. § 1443, a defendant may remove to the proper federal court any of the following civil actions commenced in state court:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.  A petition for removal under section 1443(1) has been narrowly interpreted and must satisfy a two-part test.  *See Georgia v. Rachel*, 384 U.S. 780, 788–92, 794–804 (1966); *City of Greenwood v. Peacock*, 384 U.S. 808, 824–28 (1966). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970) (citing *Rachel*, 384 U.S. at 788–92). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.*

Here, civil rights removal is not appropriate.  As to the first requirement, Defendant fails to identify an explicit law protecting equal racial civil rights.  In fact, Defendant makes no reference to racial inequality or discriminatory laws.  The rights she asserts, like *Sandoval*, "spring, not from specific statutory grants, but from broad protections of the First and Fourteenth Amendments." *Sandoval*, 434 F.3d at 636; *see* Notice of Removal at 13 (asserting a violation of her due process rights under the Fifth and Fourteenth Amendments).  These rights "are not within the coverage of section 1443." *Sandoval*, 434 F.3d at 636 (citing *Rachel*, 384 U.S. at 787–88).  As to the second requirement, Defendant fails to show that she would be unable to enforce her rights in state court.  At a minimum, she—as a tenant—is assured the right to a court hearing and can present a defense to the unlawful detainer action under California law.  *See* Cal. Civ. Proc. Code. § 1170.  Further, resolving the present case would not "preclude Defendant from litigating her claims regarding title and challenges to the trustee's sale in a separate action." *Fannie Mae v. Gooding*, No. 11-cv-762-DMS-WVG, 2011 WL 2636884, *3 (S.D. Cal. July 6, 2011).  Thus, a federal forum is not necessary to protect Defendant's rights.  Accordingly, because Defendant has not met either of the criteria, removal under section 1443 was improper.

**C.     Procedural Requirements for Removal of Civil Actions**

In addition to the substantive defects of Defendant's removal, Plaintiff contends that removal was untimely and that Defendant did not have consent from the other defendants to remove the action in violation of 28 U.S.C. § 1446(b).  Doc. No. 4-1 at 9.

*1.     Notice of Removal*

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . , or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1).

Defendant does not state on what date she was served with the state court complaint. *See* Notice of Removal; Doc. No. 7. However, it appears from the record that she was duly served September 16, 2021. Doc. No. 4-4 at 3; Doc. No. 4-1 at 9. Thus, Defendant's notice of removal was due on or before October 16, 2021. Doc. No. 4-1 at 9. Defendant did not file her notice of removal until November 1, 2021. Doc. No. 1. As this is outside the thirty-day removal window pursuant to 28 U.S.C. § 1446(b)(1), the Court finds that Defendant's removal was untimely.

### 2. Unanimity of Consent

Finally, Plaintiff argues that removal was improper because there was no unanimity of consent among the UD Defendants. Doc. No. 4-1 at 9. Neither Defendant's notice of removal nor her opposition mention the UD Defendants as they relate to removal. *See* Notice of Removal; Doc No. 7.

Section 1446(b)(2)(A) provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). This is known as the rule of unanimity. "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice of removal." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999), *superseded by statute on other grounds*.

Plaintiff named multiple persons—both known and unknown—as defendants in the UD Action, but only Defendant filed the notice of removal. Accordingly, there is no unanimity of consent. Moreover, Defendant fails to provide any information in her notice about the other UD Defendants, and importantly, lacks any explanation as to why her co-defendants are absent from the notice of removal. As such, the Court finds Defendant has not met her burden in explaining the absence of the other UD Defendants in her notice of removal. On that basis, removal was improper.

In sum, it appears plain that Defendant improperly removed the UD Action to federal court. Defendant's Notice of Removal was untimely and Defendant fails to

establish a basis for this Court's jurisdiction.  The Court must therefore remand the case.  *See* 28 U.S.C. § 1447(c).

**D.     Attorney's Fees**

Plaintiff asks the Court to award "all costs, expenses, and attorney's fees caused by Defendant's frivolous filing."  Doc. No. 4-1 at 9 (citing 28 U.S.C. § 1447(c)).  Defendant does not address this request in her opposition.  *See* Doc. No. 7.

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  As the Supreme Court has indicated, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see also Chan Healthcare Grp., PS v. Liberty Mut. Fire Ins. Co.*, 844 F.3d 1133, 1141 (9th Cir. 2017).  Moreover, "the standard for awarding fees should turn on the reasonableness of the removal."  *Martin*, 546 U.S. at 141.

Here, the Court finds Defendant did not lack an objectively reasonable basis for seeking removal, nor does the Court find that unusual circumstances exist.  Defendant is a *pro se* litigant, and it was reasonable for her to think removal is proper given the extent to which she claims her constitutional rights are being violated and that one asserted basis of removal relates to civil rights claims.  *See Fannie Mae*, 2011 WL 2636884, at *2.[4]  As such, the Court **DENIES** Plaintiff's request for attorney's fees and costs.

---

[4] Plaintiff argues the present case differs from *Fannie Mae* because Defendant is represented by an attorney in a different civil case in state court and only filed this removal in response to Plaintiff's request to advance a state court hearing date.  *See* Doc. No. 5 at 5.  The Court disagrees.  Defendant's representation in a different case does not make her notice of removal per se unreasonable nor does it negate the fact that she is proceeding *pro se* in this case.  As other courts have found, it is generally reasonable for a *pro se* litigant to think removal is proper.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand to state court.  The Court further **DIRECTS** the Clerk of Court to return the case to state court forthwith, terminate any pending motions, and close this action.

**IT IS SO ORDERED**.

Dated:  November 22, 2021

HON. MICHAEL M. ANELLO
United States District Judge

EXHIBIT 16

**SUPERIOR COURT OF CALIFORNIA**
# County of SAN DIEGO

Register of Actions Notice

| | | | |
|---|---|---|---|
| Case Number: | 37-2021-00037475-CL-UD-CTL | Filing Date: | 09/01/2021 |
| Case Title: | 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee vs Toner [IMAGED] | Case Age: | 63 days |
| Case Status: | All Proceedings Stayed | Location: | Central |
| Case Category: | Civil - Limited | Judicial Officer: | |
| Case Type: | Unlawful Detainer - Residential | Department: | 501 |

## Future Events

| Date | Time | Department | Event |
|---|---|---|---|
| 01/07/2022 | 08:30 AM | 501 | Demurrer / Motion to Strike |
| 01/07/2022 | 08:30 AM | 501 | Demurrer / Motion to Strike |
| 05/06/2022 | 09:00 AM | 501 | Status Conference (Civil) |
| 05/06/2022 | 09:00 AM | 501 | Status Conference (Civil) |

## Participants

| Name | Role | Representation |
|---|---|---|
| 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee | Plaintiff | Callahan, Rachael |
| Carey, Kevin P | Defendant | |
| Stanley, Richard L; AKA : Stanley, Richard | Defendant | |
| Toner, Debra | Defendant | |

## Representation

| Name | Address | Phone Number |
|---|---|---|
| CALLAHAN, RACHAEL | 10509 San Diego Mission Road A San Diego CA 92108 | (619) 299-1761 |

| ROA# | Entry Date | Short/Long Entry | Filed By |
|---|---|---|---|
| 1 | 09/01/2021 | Complaint Demanding Less than $10,000 filed by 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee. Refers to: Toner, Debra; Carey, Kevin; Stanley, Richard | 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee (Plaintiff) |
| 2 | 09/01/2021 | Civil Case Cover Sheet filed by 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee. Refers to: Toner, Debra; Carey, Kevin; Stanley, Richard | 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee (Plaintiff) |
| 3 | 09/01/2021 | Original Summons filed by 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee. Refers to: Toner, Debra; Carey, Kevin; Stanley, Richard | 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee (Plaintiff) |
| 4 | 09/01/2021 | Plaintiff's Mandatory Cover Sheet and Supplemental Allegations-Unlawful Detainer filed by 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee. Refers to: Toner, Debra; Carey, Kevin; Stanley, Richard | 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee (Plaintiff) |
| 5 | 09/01/2021 | Verification By Landlord Regarding Rental Assistance (UD-120) filed by 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee. Refers to: Toner, Debra; Carey, Kevin; Stanley, Richard | 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee (Plaintiff) |
| 6 | 09/02/2021 | Summons issued. | |
| 7 | 09/01/2021 | Case assigned to Department C-60. | |
| 8 | 09/02/2021 | Case initiation form printed. | |
| 9 | 09/08/2021 | Application for Order to Serve Summons by Posting and Mailing (ORDER SIGNED ON 9-10-21) filed by 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee. Refers to: Toner, Debra; Carey, Kevin; Stanley, Richard | 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee (Plaintiff) |

| 12 | 09/30/2021 | Motion to Quash (UD) scheduled for 10/13/2021 at 09:00:00 AM at Central in C-60 . | |
| 13 | 09/30/2021 | Application and Order Correcting Court Record (ROA #10 & 11) filed by The Superior Court of San Diego. | |
| 14 | 10/04/2021 | Opposition to Noticed Motion and Supporting Declarations filed by 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee. | 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee (Plaintiff) |
| 15 | 10/04/2021 | Proof of Service by Mail filed by 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee. | 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee (Plaintiff) |
| 16 | 10/01/2021 | Motion to Quash Service of Summons filed by Toner, Debra. | Toner, Debra (Defendant) |
| 17 | 10/04/2021 | Judgment by Default by Clerk for Possession Only (Not Filed) submitted by 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee received but not filed on 10/04/2021. | 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee (Plaintiff) |
| 18 | 10/04/2021 | Request for Entry of Default (NOT ENTERED) filed by 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee. Refers to: Stanley, Richard; Toner, Debra; Carey, Kevin | 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee (Plaintiff) |
| 19 | 10/04/2021 | Proof of service by Posting(UD) filed by 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee. Refers to: Stanley, Richard | 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee (Plaintiff) |
| 20 | 10/04/2021 | Proof of service by Posting(UD) filed by 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee. Refers to: Toner, Debra | 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee (Plaintiff) |
| 21 | 10/04/2021 | Proof of Service of Summons & Complaint - Unnamed Occupants filed by 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee. | 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee (Plaintiff) |
| 22 | 10/04/2021 | Proof of service by Posting(UD) filed by 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee. Refers to: Carey, Kevin | 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee (Plaintiff) |
| 23 | 10/06/2021 | The default filed by  was denied. Refers to: Stanley, Richard; Toner, Debra; Carey, Kevin | 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee (Plaintiff) |
| 24 | 10/06/2021 | Judgment by Default by Clerk for Possession Only (Not Filed) submitted by 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee rejected on 10/06/2021. | 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee (Plaintiff) |
| 25 | 10/06/2021 | [Another document for ROA# 25] | |
| 25 | 10/06/2021 | [Another document for ROA# 25] | |
| 25 | 10/06/2021 | [Another document for ROA# 25] | |
| 25 | 10/06/2021 | [Another document for ROA# 25] | |
| 25 | 10/06/2021 | [Another document for ROA# 25] | |
| 25 | 10/06/2021 | E-filing transaction partially accepted. | |
| 26 | 09/30/2021 | Request for Entry of Default of Unnamed Tenants (Not Entered) filed by 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee. | 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee (Plaintiff) |
| 27 | 09/30/2021 | Proof of service by Posting(UD) filed by 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee. Refers to: Stanley, Richard | 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee (Plaintiff) |
| 28 | 09/30/2021 | Proof of service by Posting(UD) filed by 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee. Refers to: Toner, Debra | 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee (Plaintiff) |

| 29 | 09/30/2021 | Proof of Service of Summons & Complaint - Unnamed Occupants filed by 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee. | 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee (Plaintiff) |
|---|---|---|---|
| 30 | 09/30/2021 | Proof of service by Posting(UD) filed by 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee.<br>Refers to: Stanley, Richard | 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee (Plaintiff) |
| 31 | 10/06/2021 | The default filed by  was denied. | 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee (Plaintiff) |
| 32 | 10/06/2021 | [Another document for ROA# 32] | |
| 32 | 10/06/2021 | [Another document for ROA# 32] | |
| 32 | 10/06/2021 | [Another document for ROA# 32] | |
| 32 | 10/06/2021 | [Another document for ROA# 32] | |
| 32 | 10/06/2021 | [Another document for ROA# 32] | |
| 32 | 10/06/2021 | E-filing transaction partially accepted. | |
| 33 | 10/07/2021 | Request for Entry of Default (and All Unknown Occupants) filed by 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee.<br>Refers to: Stanley, Richard; Carey, Kevin | 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee (Plaintiff) |
| 34 | 10/07/2021 | Plaintiff's Mandatory Cover Sheet and Supplemental Allegations-Unlawful Detainer filed by 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee. | 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee (Plaintiff) |
| 35 | 10/07/2021 | Proof of Service by Mail (UD-101) filed by 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee. | 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee (Plaintiff) |
| 36 | 10/07/2021 | Default entered as to Stanley, Richard L on Complaint Demanding Less than $10,000 filed by 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee . | |
| 37 | 10/07/2021 | Default entered as to Carey, Kevin P on Complaint Demanding Less than $10,000 filed by 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee . | |
| 38 | 10/13/2021 | Minutes finalized for Motion to Quash (UD) heard 10/13/2021 09:00:00 AM. | |
| 39 | 10/13/2021 | Clerk's Certificate of Service By Mail (Minutes Only) SD generated. | |
| 40 | 10/20/2021 | Demurrer / Motion to Strike scheduled for 11/24/2021 at 09:00:00 AM at Central in C-60 . | |
| 41 | 10/22/2021 | Demurrer / Motion to Strike rescheduled to 11/24/2021 at 09:00:00 AM in 501 before  at Central. | |
| 42 | 10/25/2021 | Ex Parte scheduled for 11/03/2021 at 01:30:00 PM at Central in 501 . | |
| 43 | 10/22/2021 | Demurrer filed by Toner, Debra. | Toner, Debra (Defendant) |
| 44 | 10/22/2021 | Notice of Related Case filed by Toner, Debra. | Toner, Debra (Defendant) |
| 45 | 10/27/2021 | Opposition - Other (to demurrer) filed by 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee. | 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee (Plaintiff) |
| 46 | 10/27/2021 | Proof of Service by Mail filed by 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee. | 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee (Plaintiff) |
| 47 | 10/30/2021 | Case reassigned from C-60 to 501 effective 10/30/2021. | |
| 48 | 11/01/2021 | Ex Parte Application - Other and Supporting Documents (to advance demurrer) filed by 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee. | 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee (Plaintiff) |
| 49 | 11/01/2021 | Memorandum of Points and Authorities filed by 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee. | 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee (Plaintiff) |

San Diego Superior Court        Case: 37-2021-00037475-CL-UD-CTL        Title: 3139 Mount Whitney Rd Trust dated 06 14

| 50 | 11/01/2021 | Proposed Order submitted by 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee received but not filed on 11/01/2021. | 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee (Plaintiff) |
|---|---|---|---|
| 51 | 11/01/2021 | Declaration - Other (of Allison Riis) filed by 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee. | 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee (Plaintiff) |
| 52 | 11/03/2021 | Notice of Entry of Judgment filed by 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee. | 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee (Plaintiff) |
| 53 | 11/03/2021 | Minutes finalized for Ex Parte heard 11/03/2021 01:30:00 PM. | |
| 54 | 11/01/2021 | Notice - Other (Notice to Superior Court of Removal to Federal District Court [28 USC 1446(d)]) filed by Toner, Debra. | Toner, Debra (Defendant) |
| 55 | 11/01/2021 | Notice of Stay of Proceedings - Case filed by Toner, Debra. | Toner, Debra (Defendant) |
| 56 | 11/03/2021 | Status Conference (Civil) scheduled for 05/06/2022 at 09:00:00 AM at Central in 501 . | |
| 57 | 11/15/2021 | Opposition - Other (to Remand) filed by Toner, Debra. | Toner, Debra (Defendant) |
| 58 | 11/22/2021 | Notice of Termination or Modification of Stay filed by 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee.<br>Refers to: Toner, Debra | 3139 Mount Whitney Rd Trust dated 06 14 2021 US Financial LP as Trustee (Plaintiff) |
| 59 | 11/22/2021 | Brief - Other (Supplemental Brief in Reply to Opposition to Motion) filed by Toner, Debra. | Toner, Debra (Defendant) |
| 60 | 11/23/2021 | Notice of Stay of Proceedings - Case filed by Toner, Debra. | Toner, Debra (Defendant) |
| 62 | 11/24/2021 | Demurrer / Motion to Strike scheduled for 01/07/2022 at 08:30AM in Department 501. | |

EXHIBIT 17

CM-180

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>— Debra Toner<br>3139 Mount Whitney Road<br>Escondido, California 92029<br>　　TELEPHONE NO.:　　　　　　FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):*  Pro per | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: (SAME)
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: CENTRAL DIVISION

PLAINTIFF/PETITIONER: 3139 Mount Whitney Rd. Trust et. al

DEFENDANT/RESPONDENT: Debra Toner, Kevin P. Carey, et. al.,

| | |
|---|---|
| **NOTICE OF STAY OF PROCEEDINGS** | CASE NUMBER:<br>37-2021-00037475-CL-UD-CTL |
| | JUDGE: |
| | DEPT.: |

**To the court and to all parties:**

1. Declarant *(name):* Debra Toner

   a. ☑ is ☑ the party ☐ the attorney for the party  who requested or caused the stay.

   b. ☐ is ☐ the plaintiff or petitioner ☐ the attorney for the plaintiff or petitioner. The party who requested the stay
   has not appeared in this case or is not subject to the jurisdiction of this court.

2. This case is stayed as follows:

   a. ☑ With regard to all parties.

   b. ☐ With regard to the following parties *(specify by name and party designation):*

3. Reason for the stay:

   a. ☑ Automatic stay caused by a filing in another court. *(Attach a copy of the Notice of Commencement of Case, the
   bankruptcy petition, or other document showing that the stay is in effect, and showing the court, case number,
   debtor, and petitioners.)*

   b. ☐ Order of a federal court or of a higher California court. *(Attach a copy of the court order.)*

   c. ☐ Contractual arbitration under Code of Civil Procedure section 1281.4. *(Attach a copy of the order directing
   arbitration.)*

   d. ☐ Arbitration of attorney fees and costs under Business and Professions Code section 6201. *(Attach a copy of the
   client's request for arbitration showing filing and service.)*

   e. ☐ Other:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: November 23 2021

Debra Toner
　　(TYPE OR PRINT NAME OF DECLARANT)

　　　　　　　　　　　　　　　　　　(SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California
CM-180 [Rev. January 1, 2007]

**NOTICE OF STAY OF PROCEEDINGS**

Cal. Rules of Court, rule 3.650
*www.courtinfo.ca.gov*

United States Bankruptcy Court
Southern District of California

**Notice of Bankruptcy Case Filing**

A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 13 of the United
States Bankruptcy Code, entered on 11/09/2021 at 1:25 PM and filed on 11/09/2021.

**Debra Lynn Toner**
3139 Mt Whitney Rd.
Escondido, CA 92029
760-443-1149
SSN / ITIN: xxx-xx-2498

FILED
11/09/2021

      The bankruptcy trustee is:

**Thomas H. Billingslea**
402 West Broadway, Suite 1350
San Diego, CA 92101
(619) 233-7525

The case was assigned case number 21-04335-LA13 to Judge Louise DeCarl Adler.

Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Notice of Appointment of Trustee Billingslea, Thomas H. **341(a) meeting
to be held on 12/3/2021 at 10:45 AM at To access telephonic 341 meeting, call 866-794-1889 and enter passcode 8725230# when
prompted.**

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and
the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can
request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy
Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home
page http://www.casb.uscourts.gov or at the Clerk's Office, Jacob Weinberger U.S. Courthouse, 325 West F Street, San Diego, CA
92101-6991.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

**Michael Williams**
**Clerk, U.S. Bankruptcy Court**

## PROOF OF SERVICE

I, the undersigned declare: I am, and was at the time of service of the papers herein referred to, over the age of 18 years, and not a party to this action.

On November 23, 2021, I served the following document(s):

**DEFENDANT DEBRA TONER'S NOTICE OF STAY OF PROCEEDINGS;**

**Case# 37-2021-00037475-CL-UD-CTL**

On the Parties in this action addressed as follows:

Rachael Callahan

10509 San Diego Mission Rd., Suite A

San Diego, CA 92108


____**X**__ **BY MAIL:** I placed a true copy in a sealed envelope addressed as stated above. Document/s was deposited with the U.S. Postal Service on that same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 23rd day of November 2021, at San Diego, California


By: _____

Alt Norbert